# RICHARD MASON

## v.

# WILLIAM DOUSAY.

1. BILLS OF EXCHANGE — *what is a foreign bill.* A bill of exchange drawn in one of the United States, upon a person living in any other of them, partakes of the character of a foreign bill, and ought so to be treated.

2. And this would be the character of the bill, notwithstanding it was drawn in favor of a payee who resided in the State where the bill was made, and the drawee had a mill and store and office in that State, where he spent a portion of his time. The bill being drawn in that State upon a person in another State, and payable there, where the drawee resided and had his place of business, it is to be regarded as a foreign bill.

3. FOREIGN AND INLAND BILLS — *by what laws. governed.* In case of an inland bill, where all the facts connected with it are to transpire in the same State, the law of that State should be applied to ascertain the rights of the parties.

4. But where a contract is to be performed in another place, as in the case of a foreign bill, drawn in one State and made payable in another and accepted, the law of the place of performance must govern.

5. OF CONTRACTS GENERALLY, *which are made in one place and to be performed in another.* The general principle, in relation to contracts made in one place, to be executed in another, is, that they are governed by the law of the place of performance.

6. PRESUMPTION — *that persons know the law.* It is a presumption of law that both parties to such a contract know the law of the place in which the paper is payable, and that they intend this law shall govern the contract.

7. So a bill of exchange drawn in Michigan upon a party in Illinois, will be governed by the law of Illinois in regard to the character of acceptance which will be sufficient, and not by the law of Michigan.

8. BILLS OF EXCHANGE — *when and where they should be presented.* The holder of such paper is required to present it in a reasonable time to the party on whom it is drawn, at his place of business.

9. SAME — *parol acceptance.* A parol acceptance of a bill of exchange is valid in this state, and is binding upon the acceptor.

10. EVIDENCE — *what constitutes proof of an acceptance.* A bill of exchange was drawn in Michigan upon a party who resided and had a place of business in this State, where the bill was payable. The bill was drawn May 14, 1861. It was in proof, in a suit by the payee against the acceptor, that sometime in the summer of 1861, towards fall, a person, at the request of the payee, a Mr. Dousay, demanded payment of the drawee in Michigan. The drawee looked over the bill and said it was all right, and that he had told Mr. Dousay that he would pay it in

the course of thirty or sixty days. The inference proper to be drawn from this declaration of the drawee was, that Dousay had theretofore presented the bill at the place where payable, and the drawee had accepted it and promised to pay it. The presumption was, also, that the bill was presented and accepted within a reasonable time of its date, and in the regular and usual course of business.

11. PLEADING — *what must be specially pleaded — foreign laws.* In a case where the defendant can resort to the law of another State for a defense, according to the decision in *Chumasero* v. *Gilbert,* 24 Ill. 293, he should plead and prove such foreign law.

APPEAL from the Superior Court of Chicago; the Hon. GRANT GOODRICH, Judge, presiding.

This was an action of assumpsit brought in the court below by William Dousay against Richard Mason, as acceptor of the following bill of exchange:

$128.65.                              MASONVILLE, 14th May, 1861.

R. MASON, Esq. : Please pay to William Dousay, one hundred and twenty-eight $\frac{5}{100}$ dollars, and charge to account of

Chicago, Ill.                        NATHAN D. INMAN.

It is alleged in the declaration that the said Inman, at Masonville, in the county of Delta, in the State of Michigan, made the bill of exchange, which was drawn upon the defendant at Chicago, where it was duly presented and accepted; that payment thereafter being demanded was refused. The common counts were added, and the defendant pleaded *non-assumpsit.* The cause was tried before the court, without a jury.

It appears from the testimony of *Lafayette Burgess,* a witness introduced by the plaintiff, that the witness, at the request of the plaintiff, demanded payment of the draft of Richard Mason the drawee, sometime in the summer of 1861, towards fall. That Mason looked over the draft and said, "it was all right, and said that he had told Mr. Dousay that he would pay it in the course of thirty or sixty days." The witness made this demand in Delta county, Michigan.

It was also in proof, on the part of the plaintiff, that the defendant resided in Chicago in 1861, and kept a lumber yard in that city, and did so still.

On the part of the defense it was proven that Inman, the drawer of the bill, and the plaintiff both resided in Delta county, Michigan, in 1861, and still continued to reside there at the time of the trial. It also appears that the defendant, at that time, had a mill and store at Masonville, in the State of Michigan.

The defendant then offered in evidence the compiled laws of Michigan, vol. 1, p. 408, ch. 31, entitled "Of bills of exchange and promissory notes," published in 1857, by the authority of the State of Michigan, and proposed to read section 7 of said chapter, as follows: "No person within this State shall be charged as an acceptor on a bill of exchange unless his acceptance shall be in writing, signed by himself or his lawful agent." The plaintiff objected to this evidence on the ground that it should have been specially pleaded. That it was not competent under the general issue, and is immaterial.

The court heard the statute above quoted read subject to said objections reserving the question of its admissibility by consent of both parties.

The defendant then examined *Richard Mason, Jr.*, son of the defendant, who testified: Defendant was here, in Chicago, from 30th May, 1861, to 30th July, 1861. He then went up to Michigan to the mills, and returned here the 29th August, 1861. I left him on the 31st August, 1861, and went up to the mills. Plaintiff was never at defendant's office in Chicago while I was there during the year 1861. I was there daily from 7 to 12 o'clock A. M., and from 1 to 6 P. M., except some three weeks I was in Michigan.

The plaintiff then examined the same witness, who testified as follows: I always paid orders if I knew them to be right and correct. I never took the responsibility of paying them unless I knew them to be correct. I paid expenses of business and bills in father's absence and generally transacted the business of defendant in Chicago, to the best of my judgment, in

his absence.   I paid part of a similar order to Joseph Legare in 1861.

Reëxamined by defendant: I was not authorized to accept bills of exchange, or to draw notes, or sign checks, and never did at all.   Men that we hired here we paid here.

It was proved that defendant resided in Chicago, where he kept a lumber yard.   That he spent some of his time at the mills at Masonville, Michigan.

It was admitted that the draft was drawn at Masonville, in Michigan.

The plaintiff then put in evidence the deposition of Peter Murphy, who testified that, to the best of his knowledge, the bill of exchange is in the handwriting of Charles McAllister. That he presented it at the office of defendant in Chicago, he thinks, about the middle of June, to Mr. Mason's son, whom he believed to be acting for defendant, and who looked at it and handed it back again.   That the note was good, saying that the old man (understood to mean Mr. Mason) did not wish to pay the note then as money was scarce.   That William was not suffering for the money as he could get anything he wanted out of the store on it.

The foregoing was all the evidence in the case, and the court ruled that the defendant could not prove or insist on the laws of Michigan above mentioned requiring an acceptance to be in writing in order to be valid under the plea of non-assumpsit, but that to avail himself of that defense the same should have been specially set up in the pleadings.   .

And found the issues for the plaintiff, and assessed his damages at $140 ; to which rulings and findings the defendant then and there excepted, and entered his motion to set aside the said findings, and for new trial, upon the grounds that

1.   The verdict or finding is erroneous and against the law and evidence.

2.   The court erred in excluding the evidence of the laws of Michigan, requiring acceptances to be in writing.        .

3.   The court erred in holding that the defendant could not

avail himself of the defense; that the acceptance sued upon, being made in Michigan, was not valid.

4.   There was no sufficient and valid acceptance proved.

5.   The finding should have been in favor of the defendant.

6.   The defense urged and insisted upon, that the acceptance was invalid by the laws of Michigan, was competent to be made under the plea of non-assumpsit, and the court erred in holding differently.

But the court overruled the motion, and rendered judgment on the finding, to all which the defendant then and there excepted; and thereupon he took this appeal, and now insists that the grounds urged in the court below on the motion for a new trial were well taken.

Messrs. BURNHAM and MARTIN, for the appellant.

There was no valid acceptance of the bill shown:

*First.*   The instrument being drawn in Michigan, by a resident of that State, in favor of a Michigan payee, and upon R. Mason, who had a mill and store and office there (at Mason-ville, a place named after himself), and where he spent a portion of his time, must be regarded *prima facie* as an inland bill of the State of Michigan, and is to be governed by the laws of that State, which require an acceptance to be in writing.

This court will not presume, without some proof to sustain the presumption, that the acceptance was made out of the State of Michigan, for the sole purpose of enabling the holder of this draft to evade the statutes of that State.

The compiled laws of Michigan, published in 1857, vol. 1, page 408, chap. 31, entitled, "Of bills of exchange and promissory notes," § 7, provide, that no person shall be charged as an acceptor on a bill of exchange unless his acceptance shall be in writing, signed by himself or his lawful agent.

If a contract is made orally where a writing is required, it cannot be enforced elsewhere in a place where writing is not required.   2 Pars. on Cont. 82, and note.

The *lex loci* governs the contract of acceptance. 2 Kent Com. 460, and note.; *Andrews* v. *Herriot*, 4 Cow. 208 and note, 510, 511; *Greenwood* v. *Curtiss*, 6 Mass. 358.

The plaintiff must make out a valid obligation under the *lex loci*. Where the contract is invalid by the *lex loci*, but would be valid by the *lex fori*, the court does not take judicial notice of the *lex loci*. It requires it to be proved; but this proof may be given under the general issue. It is not necessary to specially plead the local law to show that by that law the plaintiff does not make out his cause of action. *Mall* v. *Roberts*, 3 Esp. N. P. 163; *Thompson* v. *Ketchum*, 8 Johns. 190; *Hannuic* v. *Goldner*, 11 M. and W. 849; *Buttemere* v. *Hayes*, 5 id. 456.

The rule is well established, that any matter which shows that plaintiff never had a cause of action may be given in evidence under the general issue.

*Second.* But if the law of Michigan does not govern this case, the proof of parol acceptance is altogether too slight to charge the drawee.

Messrs. HAINES and STORY, for the appellee.

1. The acceptance by Mason of the draft or bill sued on, is clearly established.

The instrument being drawn in Michigan upon the appellant in Chicago, and *payable there*, where the defendant resided and had his place of business, is a foreign and not an inland bill of exchange, and must be so treated. Pars. Merc. Law, 93; *Buckner* v. *Finley*, 2 Pet. 586.

An instrument drawn in one State payable in another, as a bill or note, is, by the prevailing rule of law, governed by the laws of the State where payable, as the parties are *presumed to have contracted with reference* to such laws. Pars. Merc. Law, 95; *Robinson* v. *Bland*, 2 Burr, 1077; *LeBreton* v. *Miles*, 8 Paige, 261; *Fanning* v. *Consequa*, 17 Johns. 511; *Andrews* v. *Pond*, 13 Pet. 65; *McAllister* v. *Smith*, 17 Ill. 321; *Strawbridge* v. *Robinson*, 5 Gilm. 470.

In the last case the bill was actually made in Wisconsin, though dated and payable in Illinois.

The acceptance of a bill of exchange may be *by parol*. Pars. Merc. Law, 129; *Leonard* v. *Mason*, 1 Wend. 522; *Barnett* v. *Smith*, 10 Fos. N. H. 258; *Edson* v. *Fuller*, 2 id. 183; *Sproat* v. *Mathews*, 1 T. R. 182.

It is in proof that payment of the instrument sued on was demanded of Mason, in the summer of 1861. That after examining the instrument he said it was all right, and that *he had told Mr. Dousay that he would pay it in the course of thirty or sixty days.*

We understand the rule of law to be as laid down in *Roberts* v. *Bethell*, viz.: "That in the absence of proof to the contrary, "the law *presumes* that ' a bill of exchange was accepted at or "' *near its date*, at the *place where payable.*'" 14 Eng. Law and Eq. 218.

2. The evidence of the laws of Michigan was properly excluded. It was immaterial.

The issue to be tried was, as we have seen, whether or not the bill had been accepted by Mason at Chicago, a plea, therefore, setting up that an acceptance must be in writing to be valid, by the laws of *any other State*, would have been obnoxious to demurrer, and no proof could have been received under it, on the ground of immateriality alone.

The law of the place where an instrument is payable and where the remedy is sought, alone controls. Pars. Merc. Law, 95, and cases cited; Story on Conf. of Laws, § 35 (*a*); *McAllister* v. *Smith*, 17 Ill. 321; 3 House of Lords Cases, p. 1; *Strawbridge* v. *Robinson*, 5 Gilm. 470; *Ludlow* v. *Van Rensselaer*, 1 Johns. 94.

It was not specially pleaded. This court has repeatedly held, and, in the language of his honor Judge WALKER, in *Chumasero* v. *Gilbert*, "it is now regarded as the *settled law*," that when a foreign law is relied upon, either for the recovery of a right or *as a defense*, such law must be *pleaded* and proved. *Mason* v. *Wash*, Breese, 16; *Crouch* v. *Hall*, 15 Ill. 265, and cases cited; *Smith* v. *Whitaker*, 23 Ill. 867; *Chumasero* v. *Gilbert*, 24 id. 293.

The law offered, pertains exclusively to the courts of Michigan, and can have no extra-territorial application.

" Whether a witness is competent or not, whether a certain matter requires to be *proved by writing* or not, whether certain evidence proves a certain fact or not, all these things are to be decided by the *lex fori* where the court which is called upon to decide them is sitting." Story on Conf. of Laws, § 35 (*a*); 3 House of Lords Cases, p. 1; *Clark* v. *Finn*, 544.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was an action of assumpsit in the Superior Court of Chicago, by Dousay against Mason, as acceptor of a bill of exchange, as follows:

" $128.05.                    MASONVILLE, 14th May, 1861.

" R. MASON, Esq.: Please pay to William Dousay one hundred and twenty-eight $\frac{5}{100}$ dollars, and charge to account of

" Chicago, Ill.                    NATHAN D. INMAN."

The case turns upon the question whether the proof establishes a valid acceptance of this draft.

The appellant insists, as the bill was drawn by a resident of Michigan, in favor of a Michigan payee, on a person who had a mill and store and office there, and where he spent a portion of his time, it must be regarded as an inland bill of the State of Michigan, and must be governed by the laws of that State, which require an acceptance to be in writing.

The facts show, and the face of the bill shows, that it was drawn in Michigan on the appellant in Chicago, and payable there, where the appellant resided and had his place of business. These make the bill, in the opinion of the Supreme Court of the United States, a foreign, and not an inland bill. In *Buckner* v. *Finley et al.*, 2 Peters, 586, Mr. Justice WASHINGTON, in delivering the opinion of the court, says: " We are all clearly of opinion that bills drawn in one of these (United) States, upon persons living in any other of them, partake of the character of foreign bills, and ought so to be treated."

There can be no doubt, if this were an inland bill, and all the facts connected with it were to transpire in Michigan, the law of that State should be applied to ascertain the rights of the parties.

But where a contract is to be performed in another place, as in the case of a foreign bill drawn in one State and made payable in another and accepted, the law of the place of performance must govern, for it is reasonable the parties would naturally have in view the laws of the place where the contract is to be performed and to be enforced. 2 Pars. on Notes and Bills, 320. Reference is made in the text to the case of *Sherman et al.* v. *Gasset et al.*, decided by this court (4 Gilman), wherein Mr. Justice Lockwood, after an able review of all the cases cited on the argument, says: "When the question is settled that the contract of the parties is legal, and what is the true interpretation of the language employed by them in forming it, the *lex loci* ceases its functions, and the *lex fori* steps in and determines the time, mode and the extent of the remedy.

In the same book we find, at page 324, the doctrine to be, in regard to bills of exchange or notes, if they be payable in a particular place, they are to be treated as if made there, without reference to the place at which it is written, or signed or dated. And in this the text is supported by the authorities to which reference is made in the notes. One of them is the case of *Andrews* v. *Pond*, 13 Peters, 77, in which the Supreme Court of the United States declared the general principle in relation to contracts made in one place, to be executed in another, to be, that they are governed by the law of the place of performance. To this effect are the cases of *McAllister* v. *Smith*, 17 Ill. 328, and *Strawbridge* v. *Robinson*, 3 Gilm. 470.

It is a presumption of law that both parties to such a contract know the law of the place in which the paper is payable, and that both parties intend that this law shall govern the contract. 2 Pars. on Notes, &c. 326.

The bill in this case is drawn on the appellant at Chicago, and so averred in the declaration, and the acceptance is alleged

to have been in Chicago. These facts were traversed by the plea of non-assumpsit. Were they proved? The first fact is proved by the face of the bill. As to the other facts, the testimony is, that sometime in the summer of 1861, toward fall, he demanded payment of the bill of Mason in Delta county, Michigan; that Mason looked the draft over, and said "it was all right, and that he had told Mr. Dousay that he would pay it in the course of thirty or sixty days."

The inference the court below was authorized to draw from this declaration of appellant, is, that Dousay had theretofore presented the bill at the place where payable, and appellant had accepted it and promised to pay it. Why else should he have told Dousay he would pay it in thirty or sixty days, if he had not accepted it? The presumption is, also, that the bill was accepted within a reasonable time of the date it bears, and in the regular and usual course of business. *Roberts* v. *Bethell*, 14 Eng. L. and Eq. 218. The holder of such paper is required to present it in a reasonable time to the party at his place of business. The proof is, that appellant resided and had a place of business in Chicago, and the presumption arises from the declaration of appellant made in Michigan, that appellee had in a reasonable time presented it to him for acceptance, at his place of business in Chicago. That a parol acceptance is valid, there is no dispute. 1 Pars. on Notes, &c. 281.

Upon the other point, that the court excluded the copy of the law of Michigan, offered by the appellant to prove that by those laws a verbal acceptance was not valid, we have only to say, it is a matter of no importance what the laws of that State may be on that point, as this case was not governed by that law, the acceptance having been made in Chicago, where the bill was payable.

Could the laws of that State have been resorted to by the appellant for a defense, according to the decision of this court in *Chumasero* v. *Gilbert*, 24 Ill. 293, he should have pleaded and proved such foreign laws.

The proof of acceptance may have been slight, but it was

28— 35TH ILL.

sufficient to satisfy the court trying the case; and it is satisfactory to us for the reasons we have given.

The judgment must be affirmed.

*Judgment affirmed.*

Mr. Justice BECKWITH, dissenting.