Stewart, C. J.
The plaintiff in error claimed damages for a breach of an oral contract made and to be performed in Pennsylvania, but not to be performed within the space of one year. This contract is within the statute of frauds of Ohio, and if made here, no action would lie for its breach. The court below held in effect that although this contract was made and was valid in Pennsylvania, the evidence by which it was sought to establish this contract was incompetent under our statute of frauds, not attempting to annul or declare void the contract, but saying that the courts of Ohio will not allow the parties .to prove such contract; that they must enforce it in the state where it is made, or in states where such contracts are valid.
Direct authority for the decision of the court below is found in the case of Leroux v. Brown, 12 C. B. 801. In that case, after full argument, it was decided that a suit could not be maintained in England upon a contract made in France, valid by the laws of France, but falling within the inhibition of the fourth section of the English statute of frauds. That case fully recognized the well known rules of law that the nature, validity, interpretation and effect of a contract are determined by the laws of the state or country where it is made, but applying the equally *502 well established rules of law that the lex fori regulates the form of the action and the nature and extent of the remedy, construed the fourth section of their statute of frauds as a statute applying to the remedy only, and not to the foundation of the contract. The language of the fourth section of the English statute of frauds at the time of the decision of Leroux v. Brown, supra, was substantially the same as our section 4199, Revised Statutes : “No action shall be brought whereby to charge,” etc., and the decision rests upon the construction which the court put upon this language, as distinguished from the language of the seventeenth section, that “ no contracts shall be allowed to be good,” etc.; the former section being held applicable to the remedy only, and the latter going to the substance of (he contract. That when the law says : “ No action shall be brought,” it means that a party shall have no remedy upon such a contract; that the courts will not issue process or otherwise assist in the enforcement of it. That case has never been overruled in England, and although criticised by some judges, it has been regarded as authoritative, and followed whenever the facts in a case warranted it. Many text writers on the conflict of laws and statute of frauds lay down the law as announced in Leroux v. Brown, but the foundation for the text is always Leroux v. Brown, and other cases which have followed that case, either arbitrarily without reasoning, as Downer v. Cheeseborough, 36 Conn. 39, or accepted it because the language of their statute of frauds was the same as the fourth section of the English statute, as Kleeman v. Collins, 9 Bush. 470. Referring to the reasoning which is at the foundation of Leroux v. Brown. Willes, J., in Williams v. Wheeler, 8 C. B. N. S. 316, says: “ I am not satisfied that either of the sections of the statute of frauds to which reference was made, warrants the decision.” And Browne in his work of the Statute of Frauds (section 115), says that the attempt to draw a distinction between sections 4 and 17 of the statute of frauds is not warranted for the reason that the whole statute is evidential only, and *503 while citing Leroux v. Brown, rejects the reasoning upon which it is founded. In the numerous cases cited by counsel for plaintiffs in error,,we have only been able to find one (Cochran v. Ward, 29 N. E. 795), which in passing upon a statute in language similar to the fourth section of the English statute of frauds repudiates Leroux v. Brown, although the cases are numerous where the court intimates that if necessary Leroux v. Broion would be repudiated. On the other side, many cases are cited in which the language used in Leroux v. Brown, is cited apparently with approval, but only by way of illustration, and not as decisive of or affecting the case before the court. So at last, it seems to us, that if we regard the reasoning in Leroux v. Brown, based as it is on the language of the statute of frauds, or the claim of Browne in his work on the Statute of Frauds that it relates solely to the question of the evidence Uy whic£i a contract may be proven as sound, the judgment of the court below must be affirmed, and otherwise it cannot be. It is conceded at the outset that:
1. Lex loei determines as to tne nature, validity, interpretation and effects of a contract.
Which in fewer words is expressed by saying that a contract valid where made is valid everywhere.
Upon this subject Judge Stony writing before the case of Leroux v. Brown was decided, says (Conflict of Laws, sec. 261):
“ Every person contracting in a country is understood to submit himself to the law of the place, and silently to assent to its action upon his contract. The law of the place of the contract acts upon it independently of any volition of the parties, in virtue of the general sovereignty possessed by every nation to regulate all persons, property and transactions within its own territory. And in admitting the law of a foreign country to govern in regard to contracts made there, every nation recognizes, from a principle of comity, the same right to exist in other nations, which it demands and exercises for itself.”
*504 2. The lex fori regulates the form of the action and the nature and extent of the remedy. That is, it determines (a) the parties who may sue and be sued#; (b) the time within which suit may be brought; (e) the form of action, and id) the nature, effect and extent of the remedy applied.
This, we think, is the extent to which the lex fori governs in suits upon contracts made in other states or countries, and to carry it beyond that is a violation of a well settled rule in the law of contracts; and the decisions which hold that the legislature may change at will the laws regarding the competency and credibility of witnesses do not vary this rule.
But where the objection is not to the competency, but the effect of evidence the lex loci should prevail. Thus a parol acceptance can only be proved by parol evidence, and therefore, if valid where made, it would be unreasonable to reject it because by the lex fori an acceptance must be in writing. Í Dan’l Neg. Ins. § 888. Mason v. Dousay, 35 Ill. 424.
“ By the American and English law contracts svhich fall within the purview of what is called the statute of frauds are required to be in writing. If such contracts made by by parol, per verba, in a country by whose laws they are required to be in writing, are sought to be enforced in any other country, they will be held void, exactly as they are held void in the place where they are made. And the like rule applies vice versa, where parol contracts-are good by the law of the place, where they are made; but they would be void if originally made ijn the place where they are sought to be enforced for want of certain solemnities, or for want of writing as required by the local law.”
Story Confl. of Laws, § 262.
So wrote this great jurist before Leroux v. Brown, but in a recent edition of his Conflict of Laws issued since his death a new section is added which lays down an exactly contrary doctrine, and supports it by Leroux v. Brown.
We are of the opinion that the better reason is with Judge Story, and thát Leroux v. Brown is unsound in prinsiple and *505 subversive of a fundamental rule of law relating to contracts. And that while the statute of frauds does establish a rule by which certain contracts are to-be proved, its terms relate to the effect, and not to the competency of the evidence; and if the evidence shows .a contract valid where made, the statute of frauds of the forum will not prevent its enforcement.
It is well settled that the laws of a state are made primarily for its citizens, and that they form a part of all contracts made within its borders. They have no extra territorial force proprio vigore, but only by comity. So that they cannot without express language govern the formalities of contracts entered into in other states. If they could, a party would be required in entering into a contract to know the law not only of all the states, but of all countries, for lie might be sued anywhere and would have prove that his contract was executed in accordance with the lex fori. Nobody would claim that such is the law. But it is claimed in this case, and so held by the court below, that the validity of this contract was unaffected by the rulings, it being held only that the courts of this state could not be used to enforce it. Saying in effect, this is a valid contract, valid anywhere, but it cannot be sued upon in our courts. The reason for this holding was that our statute of frauds, says : “No action shall be brought,” etc., and that this shows that the statute relates only to the remedy and prevents proof of the contract. This seems to us too narrow a view to take of this statute. In the first place, this statute was passed for the purpose of establishing the law for Ohio and its citizens, and with reference to contracts made in this state.
Its object was to prevent frauds and perjuries, and to wayn those within its limits that an oral contract within its terms could not be enforced.
It did not mean, and could not mean literally, that no action could be brought upon such a contract, but that when an action was brought, and it appeared by the pleadings or proof that the case was within the inhibition of the statute of *506 frauds, and that defense was made, no judgment could be recovered upon it. That such a contract will be enforced in our courts when the plea of the statute is not interposed has been frequently decided. If the statute is pleaded, and the proof shows an oral contract where the statute requires it to be in writing, the court will not enforce it; that is, it will hold it to be no contract. The case is determined upon the effect of the evidence. If the doctrine of Leroux v. Brown, is law, the converse must be law. So that if two citizens of Ohio enter into an oral contract which cannot be performed within a year, and a suit is brought thereon in Pennsylvania, the contract will be enforced. And this must be because the contract is valid in Ohio, but ca'nnot be sued upon here, but when you get into a state where a suit can be brought upon it, it immediately becomes enforceable. This seems to us fallacious. A valid contract must be legally sufficient or efficacious, authorized by law; and a contract which cannot be enforced in the courts of the state where made, cannot, in law, we think, be a valid contract. If not valid, then it cannot be enforced anywhere, or else we must destroj^ one of the essential rules governing all contracts. In the case of Von Hoffman v. City of Quincy, 4 Wall. 535, Swayne, J., at page 552, says : “ A statute of frauds embracing a pre-existing parol contract not before required to be in writing, would affect its validity, and be obnoxious to the constitutional inhibition.-”
We therefore conclude that our statute means that such contracts shall not be valid, and the use of the phrase, “No action shall be brought,” etc., was the result only of a strict following of the Euglish statute of frauds. The validity of the contract set up in the answer in this case in Pennsylvania was admitted. If valid there, it was jralid everywhere. The witnesses introduced on the trial were competent; the offer to prove the statutes of Pennsylvania was in the regular form; this testimony proved the making of the contract, that it was valid by the law of Pennsylvania, and the breach. But it was *507 ruled out, because the effect of the evidence was to show a contract, which, if made in Ohio, could not be enforced here. The competency of the evidence was undoubtedly to be regulated bj7 the lex fori, but its effect, i. e., whether it established a valid contract or not, must be determined by the lex loci. Only by parol could the execution of this contract be proved; the court excluded the evidence of competent witnesses, and the only competent evidence that could be given as to the execution, nature and terms of this contract. Its validity could not be determined by any law in Ohio; that could only be determined by the law of Pennsylvania; its nature could only be determined by parol evidence of its terms. At the threshold the court refused to hear the very matters which all the authorities agree must govern the forum in suits upon contracts. In this the court below erred. We have not attempted to review the numerous cases cited by counsel, although we have examined them all, and many more, but we hold :
8. N. Owen and Powell, Ricketts & Black, for plaintiff in error.
Holmes & Hiding, for defendants in error.
1. That Leroux v. Brown is unsound in principle, and unsupported by reason or authority.
2. That section 4199 has no extra territorial force, and only determines what contracts made in Ohio are valid when its provisions are invoked by litigants. '
3. An oral contract valid where made, will be enforced in the courts of this state, although within the inhibition of section 4199.
4. The statute of frauds is an evidential statute only so far as it determines the effect to be given to the evidence adduced.

Judgment reversed.