LEVI ABT *et al.*

*v.*

THE AMERICAN TRUST AND SAVINGS BANK, Assignee.

*Filed at Ottawa January 20, 1896.*

1. CONFLICT OF LAWS—*presumption as to what law parties to a contract had in mind.* Parties are presumed to contract with reference to the law of the State where their contract is to be performed, rather than to that of the State where the contract was made.

2. SAME—*draft payable in New York—assignment of funds—what rule prevails.* A draft drawn in Illinois upon a bank in New York does not operate as an assignment, *pro tanto*, of the drawer's deposit in such bank, as the rule held in New York applies in such case, and not the Illinois rule.

3. SAME—*effect of fund being transferred to another jurisdiction.* A draft payable in New York is, upon the question of its operation as an assignment of the deposit against which it is drawn, governed by the law of New York, notwithstanding such deposit be afterwards paid over to the assignee of the insolvent drawer in Illinois, where the rule is different.

*Abt* v. *American Trust and Savings Bank,* 57 Ill. App. 369, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the County Court of Cook county; the Hon. FRANK SCALES, Judge, presiding.

MOSES, PAM & KENNEDY, for appellants:

Although the drafts were payable in New York, and there is no equitable assignment, under the New York law, of a fund in the hands of a bank, yet, as the drafts were drawn in Illinois and the fund is now distributable in an Illinois court, the money in the hands of the assignee should be held to respond to the drafts in the nature of an equitable assignment. We rely upon the following authorities to sustain this position: *Nat. Bank* v. *Coates,* 8 Fed. Rep. 540; *Savings Institution* v. *Adae,* id. 106; *Roberts* v. *Corbin,* 26 Iowa, 314; *Forgarties* v. *Bank,* 12 Rich. (S. C.) 518; *Union Nat. Bank* v. *Bank,* 80 Ill. 212; *Gardner* v. *Bank,* 39 Ohio St. 600; *Coates* v. *Bank,* 91 N. Y. 20; *Pease*

v. *Landauer*, 63 Wis. 20; *Schuler* v. *Bank*, 27 Fed. Rep. 424; *Munn* v. *Burch*, 25 Ill. 35.

MORAN, KRAUS & MAYER, for appellee:

The drafts having been drawn upon a bank in New York, the question as to whether or not they operated as an assignment, *pro tanto*, of the fund against which they were drawn, must be determined by reference to the law of that State. *Bank of America* v. *Banking Co.* 114 Ill. 483; *Brewing Co.* v. *Reeves*, 42 Ill. App. 154.

Mr. JUSTICE CARTER delivered the opinion of the court:

This was a petition in the county court of Cook county, filed by appellants, for an order to compel the American Trust and Savings Bank, assignee for the benefit of creditors of the insolvent banking firm of Herman Schaffner & Co., to pay to petitioners the amount of eight certain drafts which they had bought of Schaffner & Co., and which the latter had drawn on the American Exchange National Bank of New York in favor of petitioners. The petitioners forwarded the drafts to various persons in due course of business, but before they were presented to the drawee for payment, Schaffner & Co. failed and made a voluntary assignment to appellee for the benefit of their creditors, and the drawee, having notice thereof, refused payment. The total amount of the eight drafts was $2799.77, and the total amount of funds of the drawer on deposit with the drawee was then $1866.62, but the amount of this deposit was increased to $5907.73 by collections made subsequently to the assignment. Payment of the drafts having been refused, they were returned to the petitioners, who were compelled to make payment themselves. It was admitted on the trial, that prior to the drawing of the eight drafts in favor of appellants the drawer had drawn sixty-two other drafts in favor of various parties, aggregating $3293.93, on the same drawee, and which were presented for payment and payment re-

fused before any of said eight drafts were presented, but that so far no one had appeared to claim any preference on account of any of such prior drafts.

It is not, of course, denied that petitioners are creditors of the insolvent firm and entitled to share with the other creditors in the assets of the estate, but petitioners insist that by drawing in their favor the drafts on the bank in New York, Schaffner & Co. assigned to them the funds so on deposit in the New York bank,—in other words, set apart and appropriated said funds to or toward the payment of said drafts, and that the payees thereupon became entitled to the funds, and that it is the duty of the assignee to pay out the same to the petitioners. It is settled law in this State that a check drawn for value by a depositor on a bank operates as an assignment, *pro tanto*, of the funds of the depositor on deposit in such bank in favor of the holder of the check. (*Brown* v. *Leckie*, 43 Ill. 497; *Union Nat. Bank* v. *Oceana County Bank*, 80 id. 212; *Bank of America* v. *Indiana Banking Co.* 114 id. 483.) But it was admitted on the trial, and the decisions of the courts of New York show, that the rule is otherwise in that State. *Attorney General* v. *Central Life Ins. Co.* 71 N. Y. 325; *Ætna Nat. Bank* v. *Fourth Nat. Bank*, 46 id. 82; *People* v. *Merchants and Mechanics' Bank*, 78 id. 269; *First Nat. Bank* v. *Clark*, 134 id. 368.

The assignee, who is appellee here, contends, that as the funds on which the drafts were drawn were in New York, in the hands of the drawee there, the contract was to be performed in that State and must be governed by its laws, and that by such laws there was no assignment or transfer of the funds to the holder of the drafts, and therefore that appellants did not, upon taking up such drafts, have any more right to such funds than the other creditors of the insolvent firm. In support of this contention *Bank of America* v. *Indiana Banking Co.* 114 Ill. 483, is cited. In that case it was held that a check drawn in Indiana on a bank in Illinois would operate to transfer

the fund, on the ground that the law of the place where the contract was to be performed must govern, the law of Indiana being, as in New York, that checks do not operate to assign the deposit, or a sufficient part thereof to pay them. It is, however, insisted by appellants, that as this is not a proceeding against the New York bank, but against the assignee to compel delivery to them of such funds in the hands of the assignee in this State, the laws of New York have no application. The case is doubtful on the facts. But be that as it may, we are of the opinion that the law is against the appellants. The drafts, though drawn in this State, were drawn on the New York bank and were payable there. The contract was to be performed in New York, and it must be presumed that upon a question of this character the parties contracted with reference to the laws of the State where the contract was to be performed, rather than with reference to the laws of the State where the contract was made. (*Mason* v. *Dousay,* 35 Ill. 424; *Lewis* v. *Headley,* 36 id. 433; *Adams* v. *Robertson,* 37 id. 45; *Roundtree* v. *Baker,* 52 id. 241; *Davenport* v. *Karnes,* 70 id. 465; *Evans* v. *Anderson,* 78 id. 558.) Such being the law and such being the contract, we do not think that the payment of the funds by the New York bank to the assignee in this State, even if the facts showed such payment, would give appellants any right to the funds which they did not have before such payment. As to whether or not the sixty-two drafts drawn prior to those of appellants would of themselves defeat the petition of appellants it is unnecessary to consider.

We are satisfied that the case was correctly decided in the courts below, and the judgment of the Appellate Court will be affirmed.    *Judgment affirmed.*