[No. 6586.]

## VENNUM v. HOLMBERG ET AL.

1. JUDGMENT VACATED—*Reinstatement on Error*—A judgment given in the district court and thereafterwards vacated, upon alleged cause shown, within the time allowed by law, will not, no abuse of discretion being shown, be reinstated on error brought—(308).

2. FOREIGN JUDGMENT—*By Confession*—A judgment entered in a court of general jurisdiction of another state, by the clerk of that court, in vacation, upon a promisssory note with a power of attorney appended authorizing such confession, the note being executed in the foreign state and payable there, and the power of attorney being valid, and the judgment authorized by the laws of that state, must, when a copy of the record authenticated according to the act of congress is presented in the courts of Colorado, be accorded full faith and credit, even though the defendant was a resident of Colorado and was not served with the process—(309, 310).

*Error to Pueblo District Court*—Hon. J. E. RIZER, Judge.

Mr. R. A. CROSSMAN and Mr. HARRY L. KELLY for plaintiff in error.

No appearance for defendants in error.

Mr. JUSTICE HILL delivered the opinion of the court:

March 17, 1905, the plaintiff in error instituted this action against the defendants in error, Holmberg and Scott; the latter was not served with process; Mr. Holmberg defends alone. The action was to recover $869.50, being the amount of a judgment previously secured by the plaintiff against the defendants, in the circuit court of Ford County, Illinois, a court of general jurisdiction of that state. The defendant, Holmberg, interposed several defenses. On motion of the plaintiff, all of his answer, except the first defense (which was a denial of the allegations of the complaint) was stricken. June 20, 1906, a trial to the court resulted in a judgment for the plaintiff. In January, 1907, Mr. Holmberg made application to have this judgment vacated and a new trial allowed on the ground of newly discovered evidence. This motion was allowed. On retrial the plaintiff offered in evidence a certified copy of the judgment rendered by the Illinois circuit court, together with copies of all pleadings, papers, records and evidence in the case, with the proper attestation of the clerk, and the seal of the court annexed, together with a certificate of the judge as to the genuineness of the signature of the clerk, and that said attestation was in due form; also the attestation of the clerk to the genuineness of the signature of the judge, and all other formalities required in order that it might be admitted as evidence in the courts of this state. On objection the court refused to admit in evidence the certified records from the Illinois court, or any part of them, and, upon motion of the defendant, Holmberg, ordered that the cause be dismissed and that the defendant recover from the plaintiff, his costs to be taxed and that execution issue, etc.

The plaintiff brings the case here for review upon error and assigns sundry errors pertaining to the ruling of the court in vacating the former judgment entered in his favor, and in sustaining the objection to

the introduction in evidence of the Illinois record he asks that the cause be reversed and the original judgment be re-instated.

We do not think this latter request should be entertained. The judgment was vacated within the time provided by statute, upon purported cause shown, and the defendant awarded a new trial in which the plaintiff acquiesced and introduced its proof; this judgment against the plaintiff became the final judgment in the case. The vacating of a judgment and the granting of a new trial are matters largely within the discretion of the trial court, and we are not prepared to say there was an abuse of such discretion. Under these circumstances, we will limit our review to the proceeding at the trial upon which this final judgment was entered.

The defendant has made no appearance in this court and we are not advised as to his position concerning the ruling in the rejection of the record testimony offered from the Illinois court. The only information we have of his position is the substance of the objections made at the time; these are quite indefinite. They state, that the same did not properly show a good and valid judgment entered by a competent court, or a judgment entered by a court having jurisdiction over the person of the defendant, or through an appearance of attorney, or by any appearance whatever; that on the face of the certificate, the record shows that the pretended judgment is not a judgment under the laws of Illinois; that the same is not a judgment to be recognized under the comity of states, by this court, for the reason that the court had no jurisdiction to enter said judgment and the clerk pretending to enter such judgment in vacation had no authority to enter the same; that it appears from said record that the circuit court of Ford County, Illinois, did not have jurisdiction over this defendant, to enter such judgment.

The record proof offered shows that the judgment was entered upon a note dated at Bloomington, Illinois, March·11, 1904, executed by the defendants, made payable and delivered to Wm. R. White Company, an Illinois corporation. This note was what is commonly known as a judgment note containing a power of attorney authorizing any attorney of any court of record to appear for the makers thereof, in term time or vacation, at any time after date, and without process, to confess judgment in favor of the legal holder of the note.

This record further discloses, that the judgment was entered in vacation, by the clerk, upon this judgment note providing therefor; that an attorney of that court appeared, waived service of process, and in other respects complied with the conditions of the power contained in the note. The execution of the note, by the defendants, was established in the manner provided by the laws of Illinois, and all other matters required in case of a resident debtor were complied with; so that the only two contentions contained in the objections of defendant, as we gather from the record, are the entry of the judgment during the vacation period, and the fact that the defendants were non-residents of the state, and presumably beyond its boundaries and residing within the state of Colorado at the time the suit was instituted and the judgment rendered, and that no personal service was made upon them.

The first contention has repeatedly been passed upon by the Supreme Court of Illinois, and the validity of such note is expessly recognized by statute in that state.

In the case of *Little et al. v. Dyer*, 138 Ill. 272, the Court said:

"* * * the judgments provided for in the section are such as can be entered indifferently, 'either in term time or vacation,' and the authority to enter the judgments by confession is just as broadly given to

the clerk acting in vacation as it is to the court acting in term time."

In *Thomas v. Mueller et al.,* 106 Ill., at page 43, the Court says:

"* * * Although the confession was entered under the statute by the clerk, as it was authorized by the statute, we must presume it is regular, unless shown not to be by the files in the case, or otherwise."

In *Joliet, etc. Co. v. Ingalls,* 23 Ill. App., at page 50, the Court says:

"All that is required, however, in order to impose upon the clerk the duty to enter up the judgment by confession in vacation, is that the papers filed with him make out a *prima facie* case; and such judgment will be presumed to be regular unless shown not to be so by the files in the case or otherwise."

To the same effect are: *Keith v. Kellogg,* 97 Ill. 147; *Coe v. Hallam,* 173 Ill. 461; *Blake v. State Bank of Freeport,* 178 Ill. 182.

The other objection to the admission of this offered proof must pertain to the right of the Illinois court to enter a judgment upon a judgment note against a non-resident defendant who was not served with process. There is nothing in this contention. The record offered shows, that this note bears date at Bloomington, Illinois, payable there; that the power of attorney authorizes the confession of judgment in any court of record.

The validity of a judgment note is recognized in the courts of the state of Illinois, as well as this state.— *Cross et al. v. Moffat,* 11 Colo. 210. The fact that the defendant was a non-resident of the state in which the note was executed and made payable, is no defense to the entering, by confession, of a judgment thereon in the state of its execution and where it was to be paid. As we view it, the record offered shows a valid judgment under the laws of Illinois, and was properly authenticated as provided by the acts of Congress, as well

as by our statutes, and until otherwise properly impeached, was entitled to be given such faith and credit as it had by law or usage in the courts of the state in which it was rendered, and the court erred in refusing to admit it as evidence.

For the reasons stated the judgment is reversed and the cause remanded for a new trial.

.*Reversed.*

Chief Justice Campbell and Mr. Justice Gabbert concur.