**S. M. KIRBENS, Assignee, Plaintiff-Appellee,**

v.

**Harvey WODIS, Defendant-Appellant.**

**No. 13298.**

United States Court of Appeals
Seventh Circuit.

Oct. 26, 1961.

Burrel Barash, R. C. Stoerzbach, Galesburg, Ill., for appellant.

John E. Cassidy, Jr., John E. Cassidy, Sr., Peoria, Ill., Cassidy & Cassidy, Peoria, Ill., of counsel, for appellee.

Before HASTINGS, Chief Judge, and DUFFY and CASTLE, Circuit Judges.

CASTLE, Circuit Judge.

This diversity action was brought in the District Court by S. M. Kirbens, as assignee, plaintiff-appellee, to recover on a judgment taken by confession on warrant of attorney against Harvey Wodis, defendant-appellant, and one Joseph Hochman in a Denver, Colorado, state court. Defendant's answer averred, among other things, that he was not and never had been a resident of Colorado, that he was not personally served with process in Colorado, that the Colorado court had no jurisdiction over him, and the purported judgment was null and void. Both parties filed motions for summary judgment. Plaintiff's motion was granted, the defendant's denied, and judgment entered for plaintiff for $9,-966.67 with interest at 5% per annum from September 27, 1956, the date of the Colorado judgment. Defendant's motion to vacate and set aside the judgment and for leave to file a counterclaim was denied.

The main contested issues presented by defendant's appeal are:

(1) Whether Illinois law permits a recovery on a judgment by confession entered on warrant of attorney in another state against a resident of Illinois who is not and never has been a resident of the other state and who was not personally served with process therein.

(2) Whether the Federal Rules of Civil Procedure required that defendant be permitted to file and prosecute his counterclaim.

The plaintiff, an attorney, was a resident of Denver, Colorado and the defendant a resident of Galesburg, Illinois. Prior to the month of September 1956 one Sam Shames assigned a promissory note to the plaintiff for collection. The defendant was a co-maker of the note. It was given in connection with the sale of a mercantile business located at Grand Junction, Colorado, was payable at Grand Junction, and contained a warrant of attorney authorizing any attorney at law to appear for the makers before any court of record in Colorado, at or after maturity of the note, waive the issuance and service of process, and confess judgment against them for the amount then unpaid. A Denver attorney appeared for defendant in the Colorado action and confessed judgment against him pursuant to the warrant of attorney. Defendant through his attorney received prompt notice of and was furnished a certified copy of the judgment, sent by plaintiff by certified mail September 27, 1956. The judgment provided:

"A stay of execution for a period of thirty (30) days from the rendition of this judgment is hereby granted to the Defendants, and each of them, to enable them to file a Motion for a New Trial or to file a Writ

of Error with the Supreme Court of Colorado, or to file a motion to vacate this judgment."

No motion or writ of error was filed nor was any part of the judgment satisfied.

When plaintiff filed his motion for summary judgment and affidavit in support thereof in the District Court on October 14, 1957 it was disclosed that the assignment of the note to the plaintiff was for the purpose of legal action and collection for his client, Shames.

Defendant relies principally on the case of Sim v. Frank, 25 Ill. 109 to support his contention that Illinois law does not permit recovery on a judgment by confession entered in another state under circumstances such as are here involved. That case involved a Pennsylvania judgment against Sim, a resident of Illinois at the time, entered on a bond and warrant of attorney. The record disclosed the filing of a power of attorney, on the date the judgment was entered, purporting to have been executed by Sim, reciting his indebtedness on the bond, and directed to a named attorney, or any other attorney, and providing that such attorney might confess judgment in favor of the creditor or his assignee. But the record did not show that any attorney actually appeared for Sim and confessed judgment against him. The Illinois Supreme Court reversed the Illinois trial court judgment rendered against Sim in a suit brought on the Pennsylvania judgment and said (at page 111):

> "There is no intimation in this record, nor was it claimed upon the argument, that the defendant was served with process in Pennsylvania, *or that any appearance was entered for him* in the court where the judgment was rendered, *by any attorney* of the court, *or any other person.*" (Emphasis added.)

Defendant's reliance on Sim is misplaced. Here the record shows that a Denver attorney appeared for the defendant in the Colorado court and confessed judgment against him pursuant to the warrant of attorney. The observation made in Sim concerning the inapplicability, as to non-residents, of any statute purporting to authorize entry of judgment merely upon filing of a warrant of attorney and an affidavit of its genuineness is of no application here. And, in any event, the court's citation of Bimeler v. Dawson, 5 Ill. 536 in connection with such observation indicates its recognition of the validity of a judgment entered in another state against an Illinois resident not personally served but on an appearance authorized by such defendant. In Bimeler, with reference to judgments of courts of other states, it is stated (at page 541):

> "But if the record shows that there was a service of process, a notice to the defendant, *or an appearance for him*, not amounting, in either case, to personal notice or appearance, then the presumption from the record is, that the court had jurisdiction, and proceeded in conformity to the laws of the State, and until such presumption is rebutted by the defendant, the judgment is conclusive." (Emphasis added.)

Colorado recognizes the validity of judgments by confession entered on warrant of attorney authorizing appearance for the defendant and confession of judgment against him. Cross et al. v. Moffat, 11 Colo. 210, 17 P. 771; Vennum v. Holmberg, 51 Colo. 306, 117 P. 169. But defendant argues that because the authority to confess judgment under warrant of attorney is strictly construed, and Colorado has no statute regulating judgment by confession, Illinois statutes [1] are to be

---

1. Ill.Rev.Stat.1955, ch. 110, § 50(4) restricts application to confess judgment to "the county in which the note or obligation was executed or in the county in which one or more of the defendants reside or in any county in which is located any property, real or personal, owned by any one or more of the defendants". A judgment entered in any other county "has no force or validity, anything in the power to confess to the contrary notwithstanding."

resorted to to measure the jurisdiction of the Colorado court in this case. But the Illinois statute is without extra-territorial effect. Its limitations do not govern the Colorado courts. In addition the note here evidenced a Colorado indebtedness, it was dated at Grand Junction, Colorado, payable there, and in event of default authorized confession of judgment in "any Court of record in Colorado". This being so Colorado law governs. Cf. Abt v. American Trust and Savings Bank, 159 Ill. 467, 470, 42 N.E. 856; Forsyth v. Barnes, 228 Ill. 326, 330–331, 81 N.E. 1028. There is no claim that the Colorado court lacked jurisdiction of the subject matter—and jurisdiction of the person was conferred by the appearance made.

The defendant by his warrant of attorney consented that no personal service of process was necessary to render him amenable to the jurisdiction of the Colorado court. Its judgment is entitled to full faith and credit on the record before us.

The summary judgment appealed from was entered May 27, 1960. As early as October 14, 1957 defendant had knowledge that plaintiff was an assignee for collection and Shames his assignor-client. He chose to submit the matter on summary judgment without a counterclaim. The District Court did not abuse its discretion in denying the motion made after judgment to vacate and for leave to file a counterclaim to set-off $5,668.81 allegedly owed to defendant by Shames. The circumstances here do not qualify plaintiff for relief under Rule 13(f) or Rule 60(b), Federal Rules of Civil Procedure (28 U.S.C.A. Rules 13(f) and 60(b) ). The record does not reflect "oversight, inadvertence, or excusable neglect" nor "mistake, inadvertence, surprise, or excusable neglect". Nor does justice require or other reason justify relief from the judgment for the purpose of asserting a belated counterclaim which plaintiff was in position to assert at least 30 months earlier had he chosen to so do. Cf. Runkle v. Nong Kimny, 105 U.S.App.D.C. 285, 266 F.2d 689, 692–693.

The judgment of the District Court is affirmed.

Affirmed.