**The BUDD COMPANY, a foreign Corporation, Plaintiff,**

v.

**The TRAVELERS INDEMNITY COMPANY, a foreign insurance corporation, Defendant.**

**Civ. A. No. 84–CV–1362–DT.**

United States District Court,
E.D. Michigan,
Southern Division.

Jan. 22, 1986.

Donald J. Gasiorek, Sommers, Schwartz, Silver & Schwartz, P.C., Southfield, Mich., for plaintiff.

Mark D. Willmarth, Kitch, Saurbier & Drutchas, P.C., Detroit, Mich., for defendant.

## ORDER GRANTING DEFENDANT'S MOTION FOR LEAVE TO FILE COUNTERCLAIM AND DENYING PLAINTIFF'S MOTION TO STRIKE REQUESTS FOR ADMISSIONS

COHN, District Judge.

### I.

This declaratory action involves the manner of accounting for common discovery expenses incurred in personal injury products liability litigation on a multi-district docket. Plaintiff, the Budd Company (Budd), was the named defendant in eleven cases on the multi-district docket. Defendant, The Travelers Indemnity Company (Travelers), was Budd's insurer on from one to three of the cases at various times. Travelers called Budd's attention to the fact that on cases for which Budd was self-insured, the legal expenses for common discovery should be pro-rated. Budd took the position that since Travelers was the insurer on the first Budd case transferred to the multi-district docket, it should be responsible for the totality of Budd's legal expenses for common discovery so long as this first case continued on the multi-district docket. Travelers took the position that the legal expenses should be pro-rated in proportion to the number of cases it was

obligated on during each billing period of the law firm representing Budd. The parties eventually worked out a pro-rata sharing scheme for the legal expenses.

Of particular importance here, however, Budd never notified Travelers that it was added as a defendant in two claims, *Bowers v. Budd* and *Hale v. Budd;* Travelers thus sought recovery for any overpayment to the law firm attributable to these claims. In my opinion of July 1, 1985, I essentially upheld defendant Travelers's position that it was not responsible for expenses arising out of the defense of *Bowers* and *Hale.*

In my opinion, I instructed Travelers to submit a form of judgment resolving the issues consistent with my decision. Travelers's form of judgment included recovery for overpayment of expenses related to the *Bowers* and *Hale* claims. The motion was denied for reasons discussed below. In my denial order of October 17, 1985, I allowed Travelers to file a motion for leave to file a counterclaim.

Travelers now moves for leave to file a counterclaim pursuant to Federal Rule of Civil Procedure 13(f), on the grounds that the counterclaim comports with the form of the opinion. Budd objects on two grounds. First, it argues that Travelers knew of the facts that are the basis for the counterclaim in sufficient time to file the counterclaim with its answer. Second, it argues that it would be unfairly prejudiced by allowing the counterclaim at this late date, since it says it was not put on notice before trial that Travelers would seek recovery for any overpayment.

Travelers has also served requests for admissions on Budd pursuant to Federal Rule of Civil Procedure 36. Budd moves to strike the requests on the grounds that they seek discovery as to matters already decided. Budd has not submitted the contested requests to me but says they seek admissions as to certain facts underlying its claims. Travelers says the requests

merely seek to confirm the amounts overpaid by Travelers.

For the reasons stated below, Travelers's motion will be granted and Budd's motion will be denied.

## II.

### A.

Rule 13(f)[1] provides that a pleader may obtain leave of the court to amend his pleadings and assert a counterclaim that was omitted "through oversight, inadvertence, or excusable neglect, *or when justice requires.*" 6 C. Wright & A. Miller, *Federal Practice and Procedure* § 1430, at 152 (1971) (emphasis added). Generally, courts have been quite liberal about granting leave to amend under Rule 13(f). *Silvers v. TTC Industries, Inc.,* 484 F.2d 194, 198 (6th Cir.1973). "A motion for leave to amend is addressed to the sound discretion of the Court, and must be decided upon the facts and circumstances of each particular case." *Kaplan v. United States,* 42 F.R.D. 5, 7 (C.D.Cal.1967).

The phrase permitting amendments "when justice requires" is intended to be "especially flexible and enables the court to exercise its discretion and permit amendment whenever it seems desirable to do so." Wright & Miller, *supra,* at 155. The "justice" phrasing is an "independent ground upon which the court may grant leave to set up a counterclaim by amendment...." *Smith Contracting Corp. v. Trojan Constr. Co.,* 192 F.2d 234 (10th Cir.1951). In *Smith,* the court allowed a defendant lessee to plead an omitted counterclaim for overpayment when the plaintiff lessor was not prejudiced.

In *Louisville Trust Co. v. Glenn,* 66 F.Supp. 872 (W.D.Ky.1946), defendant taxpayer was allowed to file a counterclaim for a credit on its taxes where the court had decided upon trial that the defendant had erroneously overpaid. The proposed counterclaim dealt solely with the form of

---

**1.** The rule reads as follows: "When a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when jus- tice requires, he may be leave of court set up the counterclaim by amendment."

judgment and relief to which the defendant was entitled based upon the court's ruling. This is precisely the case as to Travelers. In my opinion, I said, "Holding Travelers responsible for the cost of defending cases where liability fell outside of the period of Travelers's coverage would result in Budd receiving more coverage than it contracted for." Op. at 9. If Travelers has in fact overpaid legal fees, then justice requires that it be allowed to recover from Budd where the overpayments were due to Budd's failure to notify Travelers of its joinder as defendant as to claims for which Travelers was not responsible. Travelers's proposed counterclaim deals solely with the form of judgment and comports with the relief to which it is entitled based on my opinion.

### B.

It is true that courts have often denied leave to file a counterclaim when the movant had a considerable period of time to file or when judgment has already been entered after trial. *See, e.g., Imperial Enterprises, Inc. v. Fireman's Fund Insurance Co.*, 535 F.2d 287 (5th Cir.1976), *reh'g denied,* 540 F.2d 1085 (5th Cir.1976); *New Britain Mach. Co. v. Yeo*, 358 F.2d 397 (6th Cir.1966); *Kirbens v. Wodis*, 295 F.2d 372 (7th Cir.1961). However, these cases are not controlling; the decisions of the district courts were adverse to the movants in all three of these cases and the counterclaims were an attempt to upset or ameliorate the impact of the court's ruling. In other cases, the counterclaims lacked merit or would have really unfairly prejudiced the plaintiff. *See, e.g., Kaplan, supra; Larson v. Arnold E. Verdi Trucking, Inc.,* 28 F.R.D. 377 (E.D.Pa.1961). There is no prejudice to Budd in allowing Travelers to amend to file its counterclaim, as discussed below.

Also to be distinguished are cases where the defendant filed a counterclaim after trial when the issue raised by the counterclaim was not tried. *See, e.g., Fowler v. Sponge Prods. Corp.*, 246 F.2d 223 (1st Cir.1957). Here, the trial was on an action

for a declaratory judgment. The issue was the responsibilities and liabilities between Budd and Travelers for legal expenses incurred in the multi-district litigation. Although Travelers did not technically plead the claim, the joint pre-trial statement (JPTS), filed March 19, 1985 (almost three months before the June 12, 1985 trial), put Budd on notice that Travelers did not believe it was responsible for litigation costs in the *Hale* action, one of the two cases of which Budd did not give proper notice to Travelers. JPTS, at 2. In Travelers's trial brief, also filed March 19, 1985, Travelers informally requested the relief that it now seeks to plead formally by amendment. Specifically, the brief said, "[T]he previous computations need to be adjusted accordingly to account for overpayment of fees by Travelers accordingly." Brief, at 6. The reason given was that Travelers had not been given proper notice that Budd was a defendant in both the *Bowers* and *Hale* claims in the multi-district litigation.

Budd claims that Travelers was put on notice of the claims at least as early as the filing of the complaint on March 1, 1984. It is not entirely clear why Travelers did not recognize this fact earlier, or why it did not seek leave to file a counterclaim when it learned of this fact before trial. Perhaps because this was an action for declaratory judgment as to the respective responsibilities of the parties under the insurance contract Travelers did not think it necessary to file a counterclaim labeled as such.

█ In any event, Budd's claim that it was not put on notice Travelers would seek recovery for overpayment is dissembling, and the fact that pretrial documents raised the issue of recovery for overpayment necessarily discredits Budd's claim that it would be prejudiced by allowing Travelers to technically plead the issue now merely to comport with my opinion. Budd has no basis for a laches argument. It had a full and fair opportunity to litigate the legal issue which was decided adversely to Budd and is the basis for Travelers's counterclaim. Budd had reason to know that recovery for overpayment might be forth-

coming; it will not be prejudiced by allowing Travelers to prove the exact amount of recovery to which it is entitled to comport with my ruling.

### III.

 Federal Rule of Civil Procedure 54(c) says that "every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings." Travelers was the prevailing party at trial. Thus, Travelers is entitled to recover for overpayment on the *Bowers* and *Hale* claims even though it did not demand such relief in the pleadings before trial. Budd objects, though, that the court never received proofs at trial on the actual amounts that Travelers claims it overpaid. This is true. "[W]hile appropriate relief should be granted [under Rule 54(c)], this does not include relief as to a matter not made out in the pleadings or proof...." 6 J. Moore, ¶ 54.62, at 1265 (2d ed. 1985). For this reason, I did not grant Travelers the relief it requested in its motion for entry of judgment (see Order of October 17, 1985).

Travelers has now submitted an itemized list of the attorney's fees for which it seeks recovery as an exhibit to its proposed counterclaim. Budd may set forth its objections, if any, in a reply to Travelers's counterclaim. If the amounts cannot be agreed upon or proved upon documents alone, I will hear argument as to what type of proceeding is required to reach a determination.

### IV.

For the reasons stated above, Travelers's motion for leave to file the counterclaim is GRANTED. Because Travelers's motion is resolved in its favor, it is entitled to a response on its requests for admissions if they are related to the amounts paid for legal services. Thus, Budd's motion to strike the requests is DENIED. If Budd objects to the requests on the grounds that the requests do not relate to the issue discussed above, it may file a supplemental motion with the requests attached. The Deputy Clerk is directed to schedule a status conference.[2]

SO ORDERED.

---

2. It should be observed that Budd and Travelers are both substantial companies. The manner in which each has approached their differences belies any general interest either has in reducing the expenses of litigation or the burdens on courts which the manufacturing and insurance industries so often complain about.