**Fern V. LARSON, Administratrix of the Estate of Carl R. Larson, Jr., Deceased**

v.

**ARNOLD E. VERDI TRUCKING, INC., U. S. Electrical Motors, Inc., Olin Osborne, G. W. Siler and Clyde Andrew Watkins.**

**William HAINES, Administrator of the Estate of Robert K. Haines, Deceased**

v.

**ARNOLD E. VERDI TRUCKING, INC., U. S. Electrical Motors, Inc., Olin Osborne, G. W. Siler and Clyde Andrew Watkins.**

Civ. A. Nos. 26328, 26330.

United States District Court
E. D. Pennsylvania.

May 31, 1961.

Gerald L. Bowen (of Richter, Lord & Levy), Philadelphia, Pa., for plaintiffs.

Walter J. Timby, Jr. (of LaBrum & Doak), Philadelphia, Pa., for defendants.

WELSH, Senior District Judge.

Plaintiffs filed the within complaints against five defendants on May 12, 1959, and received answers from the defendants, Olin Osborne and Clyde Andrew Watkins on June 1, 1959. Said defendants filed amended answers on November 24, 1959. Finally, on March 6, 1961, they filed the instant motions for leave to file omitted counterclaims on the ground that their failure to set up the said counterclaims in their original or amended answers was due to the inadvertence of counsel.

The time in which defendants could have as a matter of course filed their counterclaims has expired. However, under Rule 13(f) [1] of the Federal Rules of Civil Procedure, 28 U.S.C.A., this Court clearly has the discretion to permit the defendants to set up their counterclaims by amendments at this time, if the facts and circumstances warrant it. The particular facts and circumstances of these cases are outlined and discussed below.

1. It is first alleged by plaintiffs that they will be prejudiced if the Court permits the filing of the counterclaims. The facts in the record, we think, support this allegation.

(A) Oral depositions of the defendants were taken at Los Angeles, California, on July 29, 1960. This was approximately one year after these actions were commenced. At that time there was no notice of any intention to file counterclaims, and, therefore, plaintiffs had no discovery as to defendants' damages. In fact, plaintiffs were not aware that any suit would be brought against them until recently when these defendants instituted suit by writ of summons in trespass in the Court of Common Pleas of Lancaster County, Pennsylvania. Thus, if this Court grants the present motions, these cases would be delayed as plaintiffs' counsel would be required to answer the counterclaims and to take another long and time consuming trip to California to depose the necessary parties as to damages.

(B) Defendants' tractor-trailer, travelling westwardly, attempted to make a U-turn, crossed the four lane highway diagonally and then started to back up, blocking the two eastbound lanes of the dark road on which plaintiffs were travelling. Under these circumstances, the negligence of the defendants seems to us rather obvious. Further indication of defendants' negligence may be found in the fact that defendants settled the claim of another passenger in plaintiffs' automobile, Isabelle M. Tennis, Administratrix of the Estate of Ruth E. Miller, Deceased. Defendants' negligence being so apparent in the present state of the pleadings, it seems almost inconceivable to us that defendants would entertain any hope of recovering on their counterclaims, as their negligence would be a bar to recovery thereon even if plaintiffs were also adjudged negligent. Thus, it may be safely stated that defendants' proposed counterclaims are without merit. However, plaintiffs go one step further and urge that, in these cases involving multiple parties and in the light of the above facts, counsel's sole motive for introduc-

---

1. Federal Civil Rule 13(f) provides: "When a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice requires, he may by leave of court set up the counterclaim by amendment."

ing meritless counterclaims could not possibly be for any reason other than to confuse the issues at the time of trial and thereby to prejudice the plaintiffs. We are unwilling to attribute such a bad motive to defendants' counsel; indeed, it is unnecessary to do so, for in our view of the situation, no matter what may have been the motive of defendants' counsel, the effect of allowing the proposed counterclaims would still be as stated by plaintiffs—to create confusion at the time of trial and thereby to prejudice the plaintiffs.

2. Secondly, it is alleged by plaintiffs that defendants were guilty of laches in filing the instant motions for leave to set up counterclaims. We concur.

The record discloses that defendants filed the present motions almost two years from the date of the filing of their original answers and almost a year and a half from the date of the filing of their amended answers. Such lapses of time, together with our finding that there has been no showing that the failure to previously file the instant counterclaims was due to the inadvertence of counsel, see paragraph 5 infra, in our judgment, clearly establish laches on the part of the defendants.

3. It is alleged by the defendants that the failure to timely file the counterclaims was due to the inadvertence of counsel. At the oral argument, defendants' counsel fully explained the alleged inadvertence. In brief, his explanation is that he was so occupied filing answers and amended answers, filing and serving interrogatories, attending oral depositions in California and conducting an extensive investigation of the facts surrounding the collision in question preparatory to proving their defense to these actions brought by the personal representatives on behalf of the estates of two persons killed in the collision in question that he simply overlooked the counterclaims of defendant, Clyde Andrew Watkins, for damages on account of personal injuries and of the defendant, Olin Os-

borne, for property damage and rental loss. He also pointed out that the time consumed preparing the defense was greatly increased by the fact that the defendants reside in California.

4. Defendants' contention is that if the action of the Court is to allow the proposed counterclaims on the ground of counsel's inadvertence the result will be the avoidance of multiplicity of actions by trying in these actions all related claims among the parties growing out of a single transaction—a result favored by the Rules.

■ 5. We find it difficult to believe defendants' allegation that the failure to previously file the counterclaims was due to counsel's inadvertence. For, the very facts relied on by the defendants show that defendants' counsel was most attentive to these proceedings and, therefore, must have been aware of the counterclaims. We find, therefore, that there has been no showing that the failure of the defendants to previously file the instant counterclaims was due to the inadvertence of their counsel.

6. It may be stated as a general proposition that the avoidance of multiplicity of actions is desirable; nevertheless, under Rule 13(f) the Court is obliged to determine if the facts and circumstances of a particular case warrant the allowance of a counterclaim.

■ The facts and circumstances as found above should make the Court's conclusion here rather obvious even to the most casual reader—the conclusion is that the facts and circumstances of these cases do not warrant the allowance of defendants' proposed counterclaims. This conclusion finds support in the construction given to Rule 13(f) by Moore's Federal Practice, Volume 3, pp. 89, 90. The pertinent language reads as follows:

"* * * the courts should be very liberal in allowing amendments to include compulsory counterclaims, and even permissive counterclaims where no prejudice would result, where the pleader has not been guilty

of inexcusable neglect, or has not by reprehensible conduct deprived himself of any claim to special consideration by the court.

The motion should be made promptly and may be denied for laches or lack of good faith."

7. The foregoing construction under the instant facts and circumstances (which are potential prejudice to the plaintiffs and laches on the part of the defendants and the failure of defendants to show their failure to previously file the counterclaims was due to the inadvertence of counsel) requires that defendants' motions for leave to file omitted counterclaims be denied.

And Now, this 31st day of May, 1961, for reasons stated herein, it is ordered that defendants' motions for leave to file omitted counterclaims are denied.