Slip Op. 06-121

UNITED STATES COURT OF INTERNATIONAL TRADE

_____

KOYO SEIKO CO., LTD., et al.,             :
                                          :
          Plaintiffs,                     :
                                          :
     v.                                   :     Before:     WALLACH, Judge
                                          :     Consol. Court No.:  05-00560
UNITED STATES,                            :
                                          :
          Defendant,                      :
                                          :
and                                       :
                                          :
TIMKEN US CORPORATION, et al.,            :
                                          :
          Defendant-Intervenors.          :
_____ :


[Nankai Seiko Co., Ltd's Motion For Leave to Amend its Complaint is Denied.]



                                      **DATED:** July 31, 2006

Hogan & Hartson, LLP, (Craig A. Lewis, T. Clark Weymouth, and Shubha Sastry) for Plaintiff
Nankai Seiko Co., Ltd.

Peter D. Keisler, Assistant Attorney General; David M. Cohen, Director; Patricia M. McCarthy,
Assistant Director; Michael D. Panzera, Attorney, U.S. Department of Justice, Civil Division,
Commercial Litigation Branch; and Jennifer I. Johnson, Attorney-Advisor, Office of Chief
Counsel for Import Administration, U.S. Department of Commerce, for Defendant United States.

Stewart and Stewart, (Terence P. Stewart, William A. Fennell, Lane S. Hurewitz, and Geert De
Prest) for Defendant-Intervenor Timken US Corporation.

## OPINION

**Wallach, Judge:**

## I
## Introduction

Plaintiff, Nankai Seiko Co., Ltd. ("Nankai" or "Plaintiff"), requests permission to file an Amended Complaint pursuant to USCIT R. 15(a). Nankai's original Complaint included two counts challenging the United States Department of Commerce's ("Commerce" or "Defendant") change in model-match methodology and the methodology applied to select between equally similar comparison models. Specifically, Nankai wishes to amend its Complaint to challenge Commerce's application of zeroing in the determination of Nankai's antidumping duty margins.

## II
## Background

On November 16, 2005, Nankai timely filed its Complaint challenging the Department of Commerce's final results of review in Ball Bearings and Parts Thereof from France, Germany, Italy, Japan, Singapore, and the United Kingdom, 70 Fed. Reg. 54,711 (September 16, 2005) ("Final Results") for the May 1, 2003, through April 30, 2004, period of review. On January 23, 2006, Nankai's Complaint was consolidated pursuant to court order with the other cases challenging the same Final Results.[1] On May 25, 2006, Nankai filed its Motion for Leave to

---

[1] Koyo Seiko Co., Ltd. and Koyo Corporation of U.S.A. v. United States, Court No. 05-00560; Nippon Pillow Block Co., Ltd. v. United States, Court No. 05-00565; NTN Corporation, NTN Bearing Corp. of America, American NTN Bearing Mfg. Corp., NTN Driveshaft, Inc. and NTN-BCA Corp. v. United States, Court No. 05-00566; Timken Co. v. United States, Court No. 05-00572; NSK Ltd., NSK Corporation, and NSK Precision America Inc. v. United States, Court No. 05-00573; and Nankai Seiko Co., Ltd., v. United States, Court No. 05-00574, be consolidated under Koyo Seiko Co., Ltd. and Koyo Corporation of U.S.A. v. United States, Court No. 05-00560. Court Order dated January 23, 2006.

Amend its Complaint ("Nankai's Motion").

## III

## Standard of Review for Motions to Amend Complaints

USCIT R. 15(a) provides that a party may amend its pleading "only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Id. The trial court retains discretion as to whether to grant or deny a motion for leave to amend a complaint. See Intrepid v. Pollock, 907 F.2d 1125, 1129 (Fed. Cir. 1990); see also Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1971). The court decides motions to amend complaints on a case-by-case basis and relies on a number of factors including "(1) the timeliness of the motion to amend the pleadings; (2) the potential prejudice to the opposing party; (3) whether additional discovery will be necessary; [and] (4) the procedural posture of the litigation." United States v. Optrex America, Inc., Slip Op. 05-160 at 5, 2005 CIT LEXIS 168 at 7 (quoting Budd Co. v. Travelers Indem. Co., 109 F.R.D. 561, 563 (E.D. Mich. 1986)) (citation omitted).

## IV
## ANALYSIS
## A
## The Parties' Arguments

Nankai wishes to amend its Complaint to include a challenge to Commerce's zeroing methodology. Nankai's Motion at 2. Nankai argues that all the other consolidated Plaintiffs filed complaints challenging Commerce's zeroing methodology but Nankai failed to do so following the Federal Circuit's ruling in Corus Staal B.V. v. Dep't of Commerce, 395 F. 3d 1343 (Fed. Cir. 2005). Nankai's Motion at 2-3. Plaintiff, however, wishes to amend its Complaint since the

3

World Trade Organization ("WTO") recently adopted a final ruling of its Appellate Body denouncing Commerce's practice of zeroing negative margins in administrative reviews. Id. at 3 (citing Appellate Body Report, United States - Laws, Regulations, and Methodology for Calculating Dumping Margins ¶ 263 WT/DS294/AB/R (April 18, 2006)). Nankai argues that its Motion should be granted because "(1) this motion has been timely filed under the circumstances and in god [sic] faith; (2) granting this motion will not prejudice the parties; (3) the filing of this motion requires no additional discovery; (4) the procedural posture of the case is amenable to the addition of this claim; and (5) justice requires granting of the motion." Nankai's Motion at 5.

Defendant argues that it is not timely for Nankai to amend its Complaint as it would be prejudicial to the Government, as well as futile. Defendant's Response to Nankai Seiko, Co., Ltd.'s Motion for Leave to Amend Its Complaint and to Supplement Its Motion for Judgment Upon the Administrative Record ("Defendant's Response') at 1. Specifically, Defendant argues that Nankai filed its Motion barely three weeks before responses to the Plaintiffs' Motions for Summary Judgment were due and as such would prejudice Defendant in its ability to adequately respond to Nankai's Motion if it seeks to raise arguments different from those of the other parties to this proceeding. Id. at 3-5. Furthermore, Defendant argues that given the Federal Circuit's rulings on Commerce's zeroing methodology in Corus Staal, BV v. Dep't of Commerce, 395 F. 3d 1343 (Fed. Cir. 2005), and the non-binding precedent of the WTO Appellate Body's decision, any amendment is futile. Id. at 5.

**B**
**Nankai Failed to Establish that Amendment of the Complaint is Warranted**

Nankai's reliance on the WTO ruling to warrant leave to amend is futile. It is of no

consequence to the court that the WTO issued its latest findings in April 2006, after the Complaints in this case were filed. It is a long standing principle that "while WTO adjudicatory decisions may be persuasive, they are not binding on Commerce or this court." NSK Ltd. v. United States, 358 F. Supp. 2d 1276, 1288 (CIT 2005) (citing Uruguay Round Agreements Act, Pub. L. No. 103-465, 108 Stat. 4809 (1994), Statement of Administrative Action ("SAA"), H.R. Doc. No. 103-826, at 822 (1994) at 1032; Timken Co. v. United States, 354 F.3d 1334, 1344 Fed. Cir. 2004); Hyundai Elecs. Co., Ltd. v. United States, 53 F. Supp. 2d 1334, 1343 (CIT 1999)). In this case, the Federal Circuit has repeatedly upheld Defendant's treatment of non-dumped sales and the Court of International Trade has followed that precedent. See Corus Staal, 395 F.3d 1343; Timken, 354 F.3d at 1334; see also Paul Mueller Industrie GmbH v. United States, Slip Op. 06-80, 2006 CIT LEXIS 82 (May 26, 2006); NSK Ltd. v. United States, 358 F. Supp. 2d 1276 (CIT 2005); NSK Ltd. v. United States, 346 F. Supp. 2d 1312, 1321 (CIT 2004). "Where the specific procedures, pursuant to 19 U.S.C. §§ 3533 and 3538, have not been followed, and U.S. law [not] changed, a finding by a WTO Panel or the Appellate Body has no applicability in U.S. law and creates no binding legal precedent in U.S. courts." NSK, 358 F. Supp. 2d at 1288. Plaintiff Nankai's wish to amend its Complaint and challenge U.S. law based upon a WTO ruling is futile[2] given that it is not controlling precedent and is immaterial to the court's examination of the administrative decisions issued by Defendant. See Foman v. Davis, 371 U.S. 178, 182 (1962) (stating that one reason for not allowing a party to amend its complaint is "futility of amendment").

---

[2] Given the determination that Nankai's Motion is futile, the court does not need to reach the issues of undue delay and undue prejudice raised by Defendant in its Response.

## V

## Conclusion

Accordingly, Nankai's Motion is denied.

__/s/ Evan J. Wallach____
Evan J. Wallach, Judge

Dated: July 31, 2006
      New York, New York