Arthur H. KAPLAN, Stanley Black, and Irving Moss, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Civ. No. 65–590.

United States District Court
C. D. California.

April 12, 1967.

Buchalter, Nemer, Fields & Savitch, Los Angeles, Cal., for plaintiffs.

Wm. Matthew Byrne, Jr., U. S. Atty., Frederick M. Brosio, Jr., Asst. U. S. Atty., Chief, Civil Div., William P. Lamb, Asst. U. S. Atty., Los Angeles, Cal., for defendant.

## ORDER DENYING MOTION OF DEFENDANT TO FILE COUNTERCLAIM

FERGUSON, District Judge.

Before the Court is a motion by the defendant, filed March 22, 1967, for leave to file an omitted counterclaim pursuant to Rule 13(f) of the Federal Rules of Civil Procedure.

The Rule provides:

"When a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice requires, he may by leave of court set up the counterclaim by amendment."

The complaint was filed April 15, 1965, and is a construction contract case in which plaintiffs claim compensation in the amount of $7,938.79 for extra work arising out of the construction and lease by plaintiffs of a laboratory facility to the Food and Drug Administration. The contract was executed in February of 1961 and construction completed in January of 1963. For two years plaintiffs conducted extensive negotiations with the Government in an effort to settle their claim for extra work over and above the contract price.

These were unsuccessful, and the filing of the complaint in April of 1965 resulted. Thereafter, the defendant, by leave of Court, was granted five separate extensions of time to file an answer. The allegations for the request for the extensions in each instance state that "the defendant herein has been unable to prepare and forward to its attorneys copies of the files and documents necessary to prepare a responsive pleading".

In February of 1966, about nine months after service of the complaint, the defendant finally filed its answer

consisting of a page and one-half of general denials except admitting the plaintiffs are entitled to judgment in the sum of $240.50.

Now, thirteen months after filing its answer, defendant seeks to file a counterclaim, after three continuances of the Pre-Trial Conference.

The counterclaim sought by the defendant concerns itself with a fire alarm system. The construction contract provides that the plaintiffs shall provide a direct tie-line fire alarm system between the building to be constructed and the municipal fire department.

During the course of construction it was determined by the parties that the Los Angeles municipal fire department will not provide for such a service.

As the basis for its counterclaim the defendant contends, "the General Services Administration insisted that a tie-line be provided with a private agency who would call the fire department if an alarm signal was received. Plaintiffs were expected to pay the monthly charge for this service or to permit a deduction from the rent". The plaintiffs have refused to comply with defendant's "expected" modification of the contract, and as a result the defendant claims it has been damaged in the sum of $5,486.29.

■■ There is no question that in the Ninth Circuit the rule is that there should be extreme liberality favoring amendments to pleadings. Rosenberg Bros. & Co. v. Arnold, 283 F.2d 406 (9th Cir. 1960). However Rule 13(b) still provides for judicial discretion. In order to act judicially there must be some basis for its exercise. A motion for leave to amend is addressed to the sound discretion of the Court, and must be decided upon the facts and circumstances of each particular case. Caddy-Imler Creations, Inc. v. Caddy, 299 F.2d 79, 84 (9th Cir. 1962).

■ A motion for leave to file an amendment to pleadings, coming after a delay of two years, can be denied in the sound discretion of the Court. Hancock Oil Co. v. Universal Oil Products Co., 120 F.2d 959 (9th Cir. 1941). The delay in the instant case is a matter which must be considered.

■ However, the factor upon which the Court relies most heavily in denying the motion is the fact that the affidavits filed by the Government do not present even a prima-facie case that the counterclaim is meritorious. The Court recognizes the fact, of course, that in relying on the motion for leave to file the amended pleading, the Court cannot and should not rule on the merits of the proposed pleading. However, when the pleading and affidavits filed in support of leave to file it are totally lacking in merit, then leave to amend should be denied. The least that should be expected of the moving party is that he present a prima-facie meritorious claim. Larson v. Arnold E. Verdi Trucking, Inc., 28 F.R.D. 377 (E.D.Pa.1961).

In Stephens v. Reed, 121 F.2d 696 (3d Cir. 1941), it was held that there can be no abuse of discretion in refusing leave to amend when what is refused would avail the offeror nothing if allowed. Canister Co. v. National Can Corporation, 6 F.R.D. 613 (D.C.Del.1946), holds that Rule 15(a), which provides that amendments should be freely permitted, does not permit a court to grant an amendment which seeks to add a defense which is obviously insufficient for the purpose for which it is offered. See also, United States v. Two Lots of Ground, etc., 30 F.R.D. 5 (E.D.Pa.1962).

■■ The affidavits filed in support of the motion here establish that the proposed counterclaim is not meritorious. There is no allegation that the plaintiffs did not perform exactly what they were called upon to do under the contract. Instead defendant alleges that the plaintiffs failed to do certain things which the Government "expected" them to do which were outside the terms of the contract. There is no allegation of fraud, estoppel, modification, amendment nor

anything else which would require the plaintiffs to do what defendant expected. No citation is necessary for the rule that a mere expectation by one party does not create an obligation upon the other.

Defendant concedes that the counterclaim was not omitted by reason of any oversight, inadvertence or excusable neglect. It is frank in stating that it relies solely on the "when justice requires" provision of Rule 13(f). It is true that the counterclaim here is compulsory within Rule 13(a). However, when it is totally void of merit it should not be injected into the trial.

The motion of the defendant for leave to file its Counterclaim is denied.