**Slip Op. 09-114**

UNITED STATES COURT OF INTERNATIONAL TRADE

_____

|  |  |
|---|---|
| UNITED STATES, | : |
| | : |
| *Plaintiff,* | : |
| | :     Court No. 00-07-00372 |
| v. | : |
| | : |
| T.J. MANALO, INC., | : |
| | : |
| *Defendant.* | : |

_____

[Plaintiff's Motion to Dismiss With Prejudice granted.]

Dated:  October 14, 2009

<u>Tony West</u>, Assistant Attorney General; <u>Barbara S. Williams</u>, Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (<u>Jason M. Kenner</u>); <u>Melissa Erny</u>, Office of the Assistant Chief Counsel, International Trade Litigation, Bureau of Customs and Border Protection, U.S. Department of Homeland Security, Of Counsel; for Plaintiff.

**OPINION**

RIDGWAY, Judge:

The plaintiff Customs Service initially brought this action against defendant T.J. Manalo, Inc. ("TJM"), and its surety, Intercargo Insurance Company, to recover "unpaid Customs duties, fees, and accrued pre-liquidation interest in the amount of $772,995.55," together with pre- and post-judgment interest.  *See* Complaint ¶ 1.[1]

---

[1] The U.S. Customs Service – formerly part of the U.S. Department of Treasury – is now part of the U.S. Department of Homeland Security, and is commonly known as U.S. Customs and Border Protection.  *See* <u>Bull v. United States</u>, 479 F.3d 1365, 1368 n.1 (Fed. Cir. 2007).  The agency is referred to as "Customs" herein.

As set forth in greater detail herein, this action is integrally related to at least two other actions filed with this court. Moreover, this action itself has been the subject of no less than three dispositive motions filed by the Government – a Motion for Summary Judgment for $ 772,995.55, plus interest (as specified in the complaint), which was denied as premature in United States v. T.J. Manalo, Inc., 26 CIT 1117, 1123-24, 240 F. Supp. 2d 1255, 1261-62 (2002) ("TJM I"); a pending second Motion for Summary Judgment for $79,139.30, plus interest, which the Government now seeks to withdraw; and the Government's most recent motion, its Motion To Dismiss With Prejudice, which is also now before the Court. *See* Memorandum in Support of Plaintiff's Motion for Summary Judgment ("Pl.'s Motion for Summary Judgment"); Plaintiff's Motion To Dismiss With Prejudice ("Pl.'s Motion To Dismiss").[2]

Jurisdiction lies under 28 U.S.C. § 1582(3) (1988).[3] For the reasons detailed below, the Government's Motion To Dismiss With Prejudice is granted.

## I. Background

The basic facts of this case are summarized in TJM I, familiarity with which is presumed. *See* United States v. T.J. Manalo, Inc., 26 CIT 1117, 1118-19, 240 F. Supp. 2d 1255, 1256-57 (2002) ("TJM I"). In brief, TJM made some 147 entries of merchandise between 1990 and 1994. *Id*., 26

---

[2]As explained below, the original co-defendant surety (Intercargo Insurance Company, now known as XL Specialty Insurance Company) was dismissed from this action after it paid all sums owed under its bond. *See* TJM I, 26 CIT at 1119 n.5, 240 F. Supp. 2d at 1257 n.5.

[3]All statutory citations are to the 1988 edition of the United States Code. The pertinent text of the cited provisions remained the same at all times relevant herein.

CIT at 1118, 240 F. Supp. 2d at 1256.[4]  When the entries were liquidated, Customs assessed

additional duties and fees based on an increase in the appraised value of the merchandise, in light

of the agency's determination that the importer and the foreign manufacturer were related (which

affected the transaction value, the basis on which the merchandise had been appraised).  *Id*., 26 CIT

at 1118, 240 F. Supp. 2d at 1256.  Customs forwarded bills for the additional duties and fees  to TJM

and to its surety, Intercargo Insurance Company (now known as XL Specialty Insurance Company),[5]

but those bills went unpaid.  *Id*., 26 CIT at 1118, 240 F. Supp. 2d at 1256.  TJM protested the

liquidations, but met with no success.  *Id*., 26 CIT at 1118, 240 F. Supp. 2d at 1256-57.  And,

although TJM failed to file an action in this court challenging Customs' denial of its protest, TJM

never made payment to Customs.  *Id*., 26 CIT at 1118, 240 F. Supp. 2d at 1257.

In an effort to collect the unpaid duties and fees imposed due to the increase in the appraised

value of the merchandise at issue, the Government commenced the instant case against TJM and its

surety.  *See generally* TJM I, 26 CIT at 1117-18, 240 F. Supp. 2d at 1256.  After TJM's surety

deposited duties up to the maximum amount of its bond ($100,000), the surety was dismissed from

this action.  *See id*., 26 CIT at 1119 n.5, 240 F. Supp. 2d at 1257 n.5.  The surety then commenced

its own suit in this court contesting Customs' liquidation of TJM's entries.  *See id*., 26 CIT at 1119,

240 F. Supp. 2d at 1257; *see also* Summons & Complaint, XL Specialty Ins. Co. v. United States,

---

[4]Although the fact has no particular relevance to the disposition here, it appears that the merchandise at issue was men's sweaters, which TJM generally imported from Hong Kong and sold to retailers such as J.C. Penney, Lazarus, and Bloomingdale's.  *See* TJM I, 26 CIT at 1118 n.2, 240 F. Supp. 2d at 1256 n.2.

[5]The surety is referred to herein as either "Intercargo" or "XL Specialty," depending on the date of the event in question.

Court No. 00-12-00544 (Ct. Int'l Trade filed Dec. 4, 2000 & April 24, 2001, respectively). TJM did

not seek to participate in the surety's action in any capacity. *See* TJM I, 26 CIT at 1119, 240 F.

Supp. 2d at 1257.

The Government subsequently moved for summary judgment in this action, seeking the

additional Customs duties and fees imposed as a result of the increase in the appraised value of the

merchandise, together with accrued pre-liquidation interest, for a total of $772,995.55, as well as

pre- and post-judgment interest. *See* TJM I, 26 CIT at 1117-18, 240 F. Supp. 2d at 1256. But

granting the Government's motion for summary judgment would have risked arguably inconsistent

results in related actions, since the surety's action essentially challenged the legality of Customs'

imposition of the additional duties and fees sought to be collected here. *See id*., 26 CIT at 1123-24,

240 F. Supp. 2d at 1260-61. TJM I therefore denied the Government's motion as premature, and

this action was stayed pending the outcome of the surety's case. *See id*., 26 CIT at 1123-24, 240 F.

Supp. 2d at 1261-62. TJM was unrepresented, and filed no opposition to the Government's motion

for summary judgment. *See id*., 26 CIT at 1120 & n.7, 240 F. Supp. 2d at 1258 & n.7. Indeed, TJM

has been unrepresented and has not sought to participate in this action in any fashion since May

2002. *See id*.; Motion To Dismiss at 3.[6]

While the Government's motion for summary judgment was pending in this action, the

Government filed the third action. *See* Complaint, United States v. T.J. Manalo, Inc., Court No. 02-

00570 (Ct. Int'l Trade filed Aug. 23, 2002). In that action, the Government sought to recover from

---

[6]TJM was initially represented by counsel in this matter. However, counsel later withdrew, and has never been replaced. *See* TJM I, 26 CIT at 1120 n.7, 240 F. Supp. 2d at 1258 n.7.

TJM a total of $ 63,790,951.00 in unpaid duties and penalties pursuant to 19 U.S.C. § 1592, plus

pre- and post-judgment interest, for many of the entries at issue in the instant action, and for other

entries as well. *Id.*; *see also* Pl.'s Motion To Dismiss at 1; Pl.'s Motion for Summary Judgment at

3.[7]  After TJM failed to defend that action, a default judgment was entered. *See* Judgment, United

States v. T.J. Manalo, Inc., Court No. 02-00570 (Ct. Int'l Trade filed April 14, 2004); *see also* Pl.'s

Motion for Summary Judgment at 3; Pl.'s Motion To Dismiss at 2.

In mid-2007, TJM's surety and the Government settled the surety's action – Court No. 00-

12-00544 – by Stipulation on An Agreed Statement of Facts, refunding $ 435,500 plus interest to

the surety, without reliquidating the entries at issue. *See* Stipulation on Agreed Statement of Facts

& Amended Order and Judgment, XL Specialty Insurance Co. v. United States, Court No. 00-12-

00544 (Ct. Int'l Trade filed June 13, 2007 & July 2, 2007, respectively); *see also* Pl.'s Motion for

Summary Judgment at 2; Pl.'s Motion To Dismiss at 1.  The fact that the surety's action was

resolved without reliquidating the entries at issue in that case and in this one cleared the way for the

resolution of this action.

In early February 2009, the Government filed a second Motion for Summary Judgment.  In

that motion, the Government explained that many of the entries at issue in the instant action were

covered by the default judgment in the Court No. 02-00570, the Government's penalty action against

TJM. *See* Motion for Summary Judgment at 3; *see also* Motion To Dismiss at 2.  The Government

---

[7]Specifically, the Government's complaint alleged that TJM filed or caused to be filed with Customs documents that falsely represented the price of the merchandise covered by the 536 entries at issue in that action. *See* Complaint, United States v. T.J. Manalo, Inc., Court No. 02-00570 (Ct. Int'l Trade filed Aug. 23, 2002).

stated that it was therefore seeking judgment only in the sum of $79,139.30, plus interest, for "seven additional entries not subject to Court No. 02-00570" – specifically, "entry nos. 442-03778602 C-5, 442-03778610 C-6, 442-03778628 C-7, 422-03791902 C-46, 551-24697362 G-4, 551-24700075 G-6, and 551-24701628 G." *See* Pl.'s Motion for Summary Judgment at 3; *see also* Pl.'s Motion To Dismiss at 2. TJM failed to respond to the Government's motion.

As it prepared to rule on the Government's motion for summary judgment, the Court – out of an abundance of caution – painstakingly checked and cross-checked each of the entry numbers identified in the Government's motion, against the entry numbers listed in the documentation in the two related cases. That review identified several major discrepancies, which the Court raised with the Government. *See* Letter to Plaintiff from Court (Aug. 25, 2009). The Government confirmed that, as the Court had hypothesized, the three entry numbers listed in the Government's motion as beginning with "442" instead should have been listed as beginning with "422," and – further – that, as the Court had hypothesized, all three of those entries, as well as entry number 422-03791902 C-46, were in fact covered by the default judgment in Court No. 02-00570, leaving only three entries at issue in the case at bar. *See* Letter to Court from Plaintiff.[8]

---

[8]The Government has stated that it relied on agency counsel to review the entries identified in the Complaint in this matter against the documentation in the other related cases, to "parse out those not covered by the default judgment in Court No. 02-00570," and that agency counsel had identified the seven entries listed in the Government's motion for summary judgment. *See* Letter to Court from Plaintiff (Aug. 26, 2009); *see also* Pl.'s Motion To Dismiss at 2; *but see* USCIT R. 11(b) (stating that, by presenting paper to court, attorney – after "inquiry reasonable under the circumstances" – certifies, *inter alia*, that "the factual contentions [therein] have evidentiary support").

It is not the job of the court to do the parties' work for them. And errors of the type in the Government's Motion for Summary Judgment are simply not acceptable. The very nature of the

With only three entries still at issue, and given Intercargo's deposit of duties in the amount of $100,000.00, the Government has determined that the remaining duty liability in this action is a mere $288.33.  *See* Motion To Dismiss at 2; Audio Recording of August 27, 2009 Conference at 06:39-07:03; Letter to Court from Plaintiff (Aug. 26, 2009).  In light of the *de minimis* liability, the Government now seeks leave to withdraw its Motion for Summary Judgment, and has filed the pending Motion To Dismiss With Prejudice.  *See* Motion To Dismiss at 2; Audio Recording at 06:10-06:18.

## II. <u>Analysis</u>

The voluntary dismissal of an action is governed by USCIT Rule 41(a).  Rule 41(a)(1) authorizes dismissals without an order of the court, under certain specified conditions.  Because TJM filed an Answer here, however, the Government may not dismiss this action by filing a notice of dismissal; and, because TJM has absented itself from these proceedings, the Government cannot obtain its consent to a stipulation of dismissal.  The Government therefore cannot avail itself of USCIT Rule 41(a)(1).

The Government instead invokes USCIT Rule 41(a)(2), which authorizes voluntary dismissal "upon order of the court, and upon such terms and conditions as the court deems proper."  *See* Pl.'s Motion To Dismiss at 2; USCIT R. 41(a)(2).  The rule specifies that, if a counterclaim is pending

---

data in cases like this makes errors very likely – which is why it is critical (and patently obvious) that the parties and counsel must scrutinize data, meticulously and repeatedly, to identify and correct all errors before such information is included in documents filed with the court.  Parties are cautioned that failure to do so in the future may result in the imposition of sanctions on parties and/or their counsel.

when a motion to dismiss is filed, "the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court." *Id.*; *see also* Walter Kidde Portable Equip. Inc. v. Universal Security Instruments, Inc., 479 F.3d 1330, 1336 (Fed. Cir. 2007) (citation omitted). In addition, the rule provides that, "[u]nless otherwise specified in the order, a dismissal under . . . [this provision] is without prejudice." *See* USCIT R. 41(a)(2). As discussed above, however, the Government here requests that this action be dismissed *with prejudice*. *See* Pl.'s Motion To Dismiss at 1.

The decision as to whether to grant a motion to dismiss is committed to the court's sound discretion. *See*, *e.g.*, Walter Kidde Portable Equip., 479 F.3d at 1336-37 (citation omitted) (applying 4th Cir. law); H.R. Techs., Inc. v. Astechnologies, Inc., 275 F.3d 1378, 1384 (Fed. Cir. 2002) (citations omitted) (applying 6th Circuit law); Tomoegawa (U.S.A.), Inc. v. United States, 15 CIT 182, 190, 763 F. Supp. 614, 620 (1991) (citations omitted). The primary purpose of Rule 42(a)(2) is "to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." Tomoegawa, 15 CIT at 190, 763 F. Supp. at 620 (*quoting* Almance Indus., Inc. v. Filene's, 291 F.2d 142, 146 (1st Cir. 1961)); *see also* Walter Kidde Portable Equip., 479 F.3d at 1336. "Clear legal prejudice to the defendant is the foremost factor" to be considered. Tomoegawa, 15 CIT at 190, 763 F. Supp. at 621 (citations omitted); *see also* Walter Kidde Portable Equip., 479 F.3d at 1336-37.[9]

---

[9]A number of courts have identified factors to be considered in determining whether a defendant will suffer legal prejudice as a result of a plaintiff's motion to dismiss an action *without prejudice*. *See*, *e.g.*, Miller v. Terramite Corp., 114 Fed. Appx. 536, 539 (4th Cir. 2004), *cited in* Walter Kidde Portable Equip., 479 F.3d at 1337. In the Fourth Circuit, for example, "a district court should consider factors such as 'the opposing party's effort and expense in preparing for trial,

Granting the Government's pending motion to dismiss will not prejudice any other party in any way. *See generally* Pl.'s Motion To Dismiss at 3. Most importantly, as the Government emphasizes, the motion seeks dismissal *with prejudice*, as to the sole remaining defendant, TJM. *See id*. And, as the Court of Appeals has observed, "[a] dismissal with prejudice bars a subsequent action between the same parties or their privies on the same claim." H.R. Techs., 275 F.3d at 1384. Thus, when an action is dismissed with prejudice, there is generally no potential for harm to the defendant. *See generally* 8 Moore's Federal Practice, § 41.40[3] (Matthew Bender 3d ed.) (stating that "[i]n most cases, a court will grant a plaintiff's motion to dismiss with prejudice," because "the defendant will have 'obtained a judgment on the merits that vindicates his rights and precludes any future suit by the plaintiff'") (quotation omitted).

Further, because no counterclaim was asserted in this case, there can be no concern that such a claim might be compromised by a dismissal. *See* USCIT R. 42(a)(2); Walter Kidde Portable Equip., 479 F.3d at 1336. And, although TJM filed an Answer, it has not participated in these

---

excessive delay and lack of diligence on the part of the movant, and insufficient explanation of the need for a voluntary dismissal,' as well as 'the present stage of the litigation.'" Miller, 114 Fed. Appx. at 539 (*quoting* Phillips USA, Inc. v. Allflex USA, Inc., 77 F.3d 354, 358 (10th Cir. 1996)).

Here, of course, the Government seeks to dismiss this action *with prejudice*. But even if the Government's motion were to be subjected to a test such as that set forth above, the motion nevertheless would be granted. As discussed herein, TJM's participation in this action has been largely confined to filing an Answer. There is thus no indication that it has expended *any* "effort and expense in preparing for trial." Similarly, although the Government did not move with alacrity to resolve this action after final dispositions in the related cases were achieved, it is TJM – not the Government – that is guilty of "excessive delay and lack of diligence." Further, the Government's explanation of the bases for its motion to dismiss is entirely sufficient. And, finally, there is nothing about "the present stage of the litigation" that weighs against granting the Government's motion.

proceedings for some seven-plus years.  One is therefore hard pressed to imagine how TJM could be even remotely prejudiced by the relief that the Government seeks here.  Finally, although even a dismissal with prejudice may be denied where another party (such as a third party intervenor) would suffer prejudice, *see* ITV Direct, Inc. v. Healthy Solutions, LLC, 445 F.3d 66, 70 (1st Cir. 2006), there are no such third parties in the case at bar.

In short, granting the Government's Motion To Dismiss With Prejudice will not leave TJM vulnerable to any potential future litigation of the claims at issue here.  Nor will granting the motion compromise any counterclaim, or affect any third parties.  Under these circumstances, it is abundantly clear that neither defendant TJM nor any other party will suffer prejudice as a result of the requested dismissal of this action.

## III. Conclusion

For all the reasons set forth above, Plaintiff's Motion To Dismiss With Prejudice is granted, and both the Government's Motion for Summary Judgment and the Government's oral request to withdraw that motion are denied as moot.

This action is hereby dismissed with prejudice.  So ordered.

/s/ Delissa A. Ridgway
—————————————————
Delissa A. Ridgway
Judge

Decided:  October 14, 2009
          New York, New York