Slip Op 17-124

## UNITED STATES COURT OF INTERNATIONAL TRADE

XYZ CORPORATION,

      Plaintiff,

v.

UNITED STATES and U.S. CUSTOMS & BORDER PROTECTION,

      Defendants,

and

DURACELL U.S. OPERATIONS, INC.,

      Defendant-Intervenor.

Before: Jennifer Choe-Groves, Judge

Court No. 17-00125

## MEMORANDUM AND ORDER

[Plaintiff may not proceed anonymously in this action under the pseudonym "XYZ Corporation"]

Dated: September 12, 2017

John M. Peterson, Russell A. Semmel, and Richard F. O'Neill, Neville Peterson LLP, of New York, N.Y., for Plaintiff XYZ Corporation.

Alexander J. Vanderweide, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of New York, N.Y., for Defendants the United States and U.S. Customs and Border Protection. With him on the brief were Chad A. Readler, Acting Assistant Attorney General, Jeanne E. Davidson, Director, Reginald T. Blades, Jr., Assistant Director, and Tara K. Hogan, Assistant Director. Of counsel on the brief was Beth C. Brotman, Office of the Assistant Chief Counsel, International Trade Litigation, U.S. Customs and Border Protection, New York, N.Y.

Frances P. Hadfield, Crowell & Moring LLP, of New York, N.Y., and Robert N. Phillips and John Patrick Donohue, Reed Smith LLP, of San Francisco, CA and Philadelphia, PA, for Defendant-Intervenor Duracell U.S. Operations, Inc.

Choe-Groves, Judge: XYZ Corporation ("Plaintiff") is a company engaged in the business of importing and distributing bulk-packaged gray market batteries bearing the "DURACELL" mark, a United States trademark currently owned by Duracell U.S. Operations, Inc. ("Duracell"). Plaintiff commenced this action to obtain judicial review of the decision made by U.S. Customs and Border Protection to grant Duracell's application for Lever-Rule protection, thereby restricting imports of certain gray market batteries bearing its trademark. See Amended Compl. ¶ 1; see also U.S. Customs and Border Protection Grant of "Lever-Rule" Protection, 51 Cust. Bull. & Dec. No. 12 (Mar. 22, 2017). Before the court is the issue of whether Plaintiff may designate its identity as confidential information in all filings with the court and instead use the pseudonym "XYZ Corporation." For the reasons explained below, the court concludes that Plaintiff may not continue to proceed in this action under a pseudonym.

## BACKGROUND

Plaintiff commenced this action against the United States and U.S. Customs and Border Protection (collectively, "Government") on May 19, 2017 with the filing of a summons and complaint. See Summons, May 19, 2017, ECF No. 1; Compl., May 19, 2017, ECF No. 2. The summons and complaint both named "XYZ Corporation" as the plaintiff. See Summons; Compl. Plaintiff noted in its complaint that "XYZ Corporation is an assumed name of Plaintiff, which fears commercial retaliation if its name is revealed. Contemporaneous with the filing of this action, Plaintiff submitted an application for a judicial protective order, which would make the name known to counsel for parties in this action, subject to certain specified limitations on dissemination." Compl. n.1.

After obtaining the Government's consent, Plaintiff moved the court to enter a judicial protective order. See Consent Mot. Judicial Protective Order, May 19, 2017, ECF No. 10.

The court entered the requested protective order on May 26, 2017, restricting the disclosure of confidential information produced in this action according to the terms of the protective order. See Judicial Protective Order, May 26, 2017, ECF No. 21.  Plaintiff filed a summons and complaint under seal revealing Plaintiff's true identity.  See Confidential Summons, June 1, 2017, ECF No. 26; Confidential Compl., June 1, 2017, ECF No. 27; see also USCIT Rule 81(h)(1) (requiring a party to file a confidential and public pleading if confidential or privileged information is referenced).

Duracell moved to intervene in this action on July 11, 2017.  See Ex Parte Appl. Leave Intervene, July 11, 2017, ECF No. 61.  The court granted Duracell permissive intervention and Duracell was entered as a defendant-intervenor in this action.[1]  See Order, July 13, 2017, ECF No. 63.  The Parties then filed a joint motion to amend the judicial protective order to enable Duracell's counsel to have access to confidential information in this action.  See Joint Mot. Amend Judicial Protective Order, July 19, 2017, ECF No. 74.  The motion was expressly "made without prejudice to Duracell's right to challenge the designation of any information as Confidential" pursuant to the terms of the protective order.  See id.  The court granted the motion and issued the amended judicial protective order on July 19, 2017.

The amended judicial protective order provides for the following procedure in the event there is disagreement regarding what information may be designated as confidential:

> In the event the receiving party disagrees with the producing party's designation of confidentiality, whether as to particular information or document, the receiving party shall so advise the producing party in writing, and the producing party shall thereupon have twenty (20) days in which to withdraw the claim to confidentiality

---

[1] The Rules of the Court provide that a party may intervene as of right or with permission from the court.  See USCIT Rule 24(a)–(b).  The court granted Duracell permissive intervention because Duracell, as the applicant for the Lever-Rule grant that is the subject of this action, "has a claim or defense that shares with the main action a common question of law or fact."  USCIT Rule 24(b).  Duracell did not claim in its motion that it had any right to intervene in this action.

or otherwise resolve the disagreement, or move the Court to resolve the disagreement. During the pendency of any such motion the receiving party will not disclose the information or documentation that is the subject of said motion.

Amended Protective Order ¶ 9, July 19, 2017, ECF No. 75. On July 28, 2017, Duracell advised Plaintiff by e-mail that it objected to Plaintiff's assumption of a fictitious name and challenged Plaintiff's designation of its identity as confidential information under the amended judicial protective order. See Pl.'s Mot. Order Directing Def.-Intervenor to Show Cause Why Confidential Information Should Not Be Redacted, or to Redact Confidential Information Ex. A, Aug. 17, 2017, ECF No. 103. Duracell stated that there was no justification to treat Plaintiff's identity as confidential information and informed Plaintiff that, according to the terms of the protective order, Plaintiff had until August 17, 2017 either to withdraw the claim of confidentiality to its identity or move the court to resolve the disagreement. See id. Plaintiff refused to withdraw the designation of its identity as confidential information.

On August 17, 2017, Plaintiff filed a motion for an order directing Duracell to show cause why Plaintiff's identity should not be redacted as confidential information under the amended judicial protective order. See Pl.'s Mot. Order Directing Def.-Intervenor to Show Cause Why Confidential Information Should Not Be Redacted, or to Redact Confidential Information, Aug. 17, 2017, ECF No. 103. Plaintiff argued that it should be able to proceed in this action under a pseudonym because Plaintiff's need for anonymity due to fear of commercial and legal retaliation from Duracell outweighs countervailing interests in full disclosure. See id. at 4–14. By letter dated August 21, 2017, the court invited the Government and Duracell to submit written comments addressing whether Plaintiff's identity should be treated as confidential under the judicial protective order in this case. See Letter filed by the Honorable Jennifer Choe-Groves, Aug. 21, 2017, ECF No. 109. Duracell filed comments on August 23, 2017, explaining

that there is no factual or legal basis to justify allowing Plaintiff to conceal its identity. See Def.-Intervenor's Resp. Pl.'s Mot. Order Directing Def.-Intervenor to Show Cause Why Confidential Information Should Not Be Redacted, or to Redact Confidential Information, Aug. 23, 2017, ECF No. 111. The Government filed comments on the same date, "defer[ring] to the Court's discretion to determine whether the plaintiff has demonstrated, through particularized evidence, that its concern of retaliation outweighs the countervailing interest in open judicial proceedings." Def.'s Resp Court's Order Dated Aug. 21, 2017 3, Aug. 23, 2017, ECF No. 113.

**DISCUSSION**

Plaintiff wishes to proceed anonymously in this action using the pseudonym "XYZ Corporation." The amended judicial protective order issued on July 19, 2017 affords the Parties limited protections regarding the disclosure of business information produced in this action. Amended Protective Order, July 19, 2017, ECF No. 75. According to the terms of the protective order, the following categories of information may be designated as confidential information and may not be disclosed to the public:

> (1) proprietary, business, financial, technical, trade secret, or commercially sensitive information; (2) information that any party is prohibited from releasing publically pursuant to contractual obligations, applicable statutes, applicable regulations, or directives from the Government; (3) private information that is otherwise protected from disclosure under applicable law including, but not limited to, personnel files; and (4) other confidential research, development, or commercial information as set forth in USCIT Rule 26(c)(1)(G).

Amended Protective Order ¶ 2.A, July 19, 2017, ECF No. 75. Plaintiff's identity does not appear to fall within any of these categories, nor has Plaintiff advanced any argument claiming that its identity is confidential information pursuant to the terms of the protective order. Thus, the court concludes that Plaintiff may not designate its identity as confidential information according to the terms of the protective order.

Having concluded that the protective order does not permit designating Plaintiff's identity as confidential, the court determines next whether to exercise its discretion to allow Plaintiff to proceed anonymously in this action. The Rules of the Court provide that a summons and complaint must "name all the parties," USCIT R. 10(a), and that "[e]very action shall be prosecuted in the name of the real party in interest." USCIT R. 17(a). These rules serve to apprise all parties of the identities of their adversaries and to protect the public's interest in knowing all the facts and events surrounding court proceedings. AD HOC Utils. Grp. v. United States, 33 CIT 1284, 1291 n.14, 650 F. Supp. 2d 1318, 1326 n.14 (2009) (quoting Doe v. Rostker, 89 F.R.D. 158, 160 (N.D. Cal. 1981)); Guerrilla Girls, Inc. v. Kaz, 224 F.R.D. 571, 573 (SDNY 2004).[2] Although Plaintiff's identity is known to the Parties in this action, Plaintiff's identity is unknown to the public because the pseudonym "XYZ Corporation" has been used to reference Plaintiff in the caption, the docket, and all public filings in this action, upon the consent of the original parties to the case. Neither the Rules of the Court nor the Federal Rules of Civil Procedure provides an explicit exception that allows a litigant to proceed anonymously.

There is no precedent from the Court of Appeals for the Federal Circuit addressing this issue, but several other federal courts of appeals have held that, in determining whether a party may use a pseudonym and remain anonymous in an action, "a district court must balance the need for anonymity against the general presumption that parties' identities are public information and the risk of unfairness to the opposing party." Does I thru XXIII v. Advanced Textile Corp., 214 F.3d 1058, 1068 (9th Cir. 2000) (allowing plaintiffs to litigate under a pseudonym due to

---

[2] "Since the Rules of the Court of International Trade mirror the Federal Rules of Civil Procedure, it is without question that this court may look to the decisions and commentary on the Federal Rules in the interpretation of its own rules." Tomoegawa (U.S.A.), Inc. v. United States, 15 CIT 182, 185–86, 763 F. Supp. 614, 617 (1991) (citing Zenith Radio Corp. v. United States, 823 F.2d 518, 521 (Fed. Cir. 1987)).

threats of physical violence, immediate deportation, and likely arrest); see also Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 189–90 (2d Cir. 2008) (requiring district court to balance plaintiff's interest in anonymity against the public interest in disclosure and prejudice to defendants before deciding whether to allow a plaintiff to litigate under a pseudonym). The balancing test is a highly fact intensive inquiry and it is within the court's discretion to determine whether the circumstances warrant "grant[ing] the 'rare dispensation' of anonymity against the world." United States v. Microsoft Corp., 56 F.3d 1448, 1464 (D.C. Cir. 1995) (quoting James, 6 F.3d at 238).

In this case, Plaintiff wishes to proceed anonymously because it fears that revealing its identity would result in commercial and legal retaliation by Duracell. See Pl.'s Mot. Order Directing Def.-Intervenor to Show Cause Why Confidential Information Should Not Be Redacted, or to Redact Confidential Information 4–8, Aug. 17, 2017, ECF No. 103. Plaintiff states that during the twenty-seven years it has been importing gray market battery products bearing Duracell's trademark, neither Duracell nor previous owners of the trademark have taken any action to interrupt Plaintiff's business. See id. at 6. Plaintiff believes that anonymity in this case is justified because revealing its identity would expose Plaintiff to suit in district court for alleged infringement of Duracell's trademark, which would bankrupt Plaintiff and destroy Plaintiff's reputation. See id. at 8. Plaintiff's reason for anonymity – to avoid a potential suit in another forum and prevent financial hardship – does not present the type of special circumstance that warrants the use of a pseudonym. "Courts should not permit parties to proceed pseudonymously just to protect the parties' professional or economic life." Guerrilla Girls, Inc., 224 F.R.D. at 573. After balancing the interests presented by the Parties in this motion, the court

holds that Plaintiff's interest in anonymity has failed to overcome the public interest in disclosure of the identity of a litigant.

Therefore, it is hereby

**ORDERED** that the information Plaintiff has designated as confidential to protect the identities of Plaintiff and its corporate officers shall no longer be designated as confidential information in all future filings in this action; it is further

**ORDERED** that, on or before September 13, 2017, 5:00 p.m. EDT, Plaintiff shall refile its public summons and amended complaint without redactions of Plaintiff's identity and its corporate officers; it is further

**ORDERED** that the Government and Duracell shall not submit any public filings with the court that reveal the identities of Plaintiff and its corporate officers prior to the refiling of Plaintiff's public summons and amended complaint; and it is further

**ORDERED** that Plaintiff's Motion for Order Directing Defendant-Intervenor to Show Cause Why Confidential Information Should Not Be Redacted, or to Redact Confidential Information is denied as moot.

/s/ Jennifer Choe-Groves
Jennifer Choe-Groves, Judge

Dated:   September 12, 2017
New York, New York